## 57510. STALLWORTH v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of burglary and rape. On appeal, we affirm.

1. Appellant contends on general grounds that the evidence adduced at trial was legally insufficient to support the jury's verdict, which verdict, he complains, was contrary to the weight of the evidence.

"On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder

to return the verdict of guilty." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Dillard v. State,* 147 Ga. App. 587 (1) (249 SE2d 640).

"Since the defendant admitted. . . the [act] complained of, but contended the prosecutrix voluntarily submitted or suggested [it], this only created an issue of fact which was resolved by the jury. The jury resolved this conflict in favor of the state, and this court will not substitute its judgment for that of the jury." *Lahr v. State,* 239 Ga. 813 (1) (238 SE2d 878); *Glover v. State,* 237 Ga. 859 (1) (230 SE2d 293).

2. Appellant claims the court erred in not fully explaining to the jury the requirement of corroboration in a rape case. We must take issue with appellant's position.

Notwithstanding appellant's contentions to the contrary, the court fairly and adequately charged the jury on the necessity of corroboration of the victim's testimony. See *Porter v. State,* 200 Ga. 246 (1) (36 SE2d 794); *Marks v. State,* 237 Ga. 277 (3) (227 SE2d 334). See generally Code Ann. § 26-2001, as amended by Ga. L. 1978, p. 3, Sec. 1, which eliminated the requirement of corroboration of the victim's testimony in a rape case.

3. Appellant's contention that the court committed error in failing to instruct the jury on their roles as individual jurors is similarly without merit. "Only in 'Allen' type 'dynamite' charges are instructions on the individual duty of each juror . . . recommended." *Porter v. State,* 141 Ga. App. 602 (4) (234 SE2d 100). As there was no evidence of a jury deadlock, it was within the discretion of the trial judge to instruct the jury on their right not to surrender their honest convictions in reaching a verdict.

Contrary to appellant's assertion, the court instructed the jury to reach a unanimous verdict pursuant to appellant's written request for such a charge.

4. Appellant submits that the sentence of the trial court penalized him for exercising his right to appeal. This is not well taken.

On the date set for sentencing, July 21, 1978, appellant was ordered by the court to be confined while the court considered the question of probation. On July 24, 1978, the court entered judgment upon the jury verdicts.

The actions of the court in ordering the confinement of the defendant during the period between conviction and final sentencing were authorized under Code Ann. § 27-2709. Moreover, defendant's claim that he received a harsher sentence in response to his filing a motion for new trial is not supported by the record, for he had not been previously sentenced by the court. Compare Chaffin v. Stynchcombe, 412 U. S. 17 (93 SC 1977, 36 LE2d 714).

As the foregoing enumerations of error are without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED MARCH 8, 1979 — DECIDED JUNE 26, 1979 — REHEARING DENIED JULY 16, 1979 — 

*Mary M. Young,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.