72086. BRYANT v. THE STATE.
(347 SE2d 301)

BENHAM, Judge.

Enumerating as error the general grounds and lack of corroboration of an alleged accomplice's statement, Richard Bryant appeals his conviction for arson in the first degree.

1. Addressing first the sufficiency of evidence claim, we find that the jury was authorized to find that the following scenario unfolded. Appellant, Richard Bryant, operated the Red & White Food Store in Gordon, Georgia, which he leased from Mrs. Dennard. The building and its contents burned during the morning hours of December 30, 1983. Several days after the fire, appellant's cousin, Bobby Davis, was arrested and charged with arson. Davis implicated appellant, who was also arrested and charged with first degree arson. At trial, Davis testified that Bryant had employed him to burn the store because he was heavily in debt. Bryant gave Davis money with which to purchase lacquer thinner, a flammable material, showed him the layout of the store, and showed him how to gain access to the store. The flammable material was purchased and Bryant told Davis to bring it to the store after the clerk and butcher had left for the day. Bryant helped Davis place the flammable material in strategic places throughout the store to facilitate the burning. He further informed Davis to start the fire after emergency personnel, namely fire and police officers, went off duty after 2:00 a.m. Davis also testified that much of the stock was removed from the store prior to its being torched.

"A person commits the offense of arson in the first degree when, by means of fire or explosive, he knowingly damages or knowingly causes, aids, abets, advises, encourages, hires, counsels, or procures another to damage . . . (2) [a]ny building . . . or other structure of another without his consent or in which another has a security interest. . . ." OCGA § 16-7-60 (a) (2). Under the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), a jury was authorized to find beyond a reasonable doubt that appellant was guilty of arson in the first degree. *Maddox v. State*, 136 Ga. App. 370 (221 SE2d 231) (1975).

2. We turn now to appellant's contention that there was a lack of corroboration of an alleged accomplice's testimony. The testimony of accomplice Davis was corroborated in several respects. Chief of Police Gerald Pless, who had also operated a grocery store, testified as to the unusual manner in which the stock was depleted and not replenished. He further testified that some flammable liquid had been used to set

the fire. Mr. Bennett, the controller of Timberlake Grocery Company which financed the burned grocery store's inventory and equipment, testified as to appellant's indebtedness to Timberlake and as to the second mortgage Timberlake held on appellant's wife's house. Slight corroboration is sufficient to convict on the testimony of an accomplice. *Fowler v. State*, 171 Ga. App. 491 (1) (320 SE2d 219) (1984). Hence this enumeration is without merit.

3. Appellant's enumeration concerning the trial court's instruction to the jury on the corroboration of an accomplice's testimony is without merit. *Quaid v. State*, 132 Ga. App. 478 (1) (208 SE2d 336) (1974).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 7, 1986 —

*Denmark Groover, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.