A96A0833. ALLEN v. THE STATE.
(474 SE2d 698)

McMURRAY, Presiding Judge.

Defendant Allen appeals his conviction for the offenses of arson in the first degree and burglary. *Held*:

The State's evidence shows that three young men invaded a remote rural residence, removed a number of items of personal property, and ignited a fire which seriously damaged the home. Two of the perpetrators testified at trial under grant of "use" immunity and identified defendant as the third participant in the crimes. All four of defendant's enumerations of error are directed to the sufficiency of the evidence presented via the testimony of the admitted accomplices.

Defendant maintains that the sole evidence attempting to identify him as a participant in the crimes was the testimony of the two accomplices. The testimony of the accomplices should have been stricken contends defendant, who also argues that if the testimony of even one of the accomplices should have been stricken, the remaining evidence would not be sufficient to permit his conviction since under OCGA § 24-4-8 the uncorroborated testimony of an accomplice is insufficient to authorize a felony conviction.

Due to conflicts in the trial testimony of the two accomplices, as

well as conflicts between their trial testimony and their earlier statements to law enforcement officers, defendant maintains that, rather than questions of impeachment and credibility for the jury, the present case involves knowing and wilful false swearing which must be disregarded in its entirety. See *Fugitt v. State,* 251 Ga. 451, 452 (1) (307 SE2d 471); *Arnold v. State,* 198 Ga. App. 514, 516 (2) (402 SE2d 312). Nonetheless, "it must be understood that the testimony which *must* be disregarded in its entirety is only that testimony which is wilfully and knowingly false." *Fugitt v. State,* 251 Ga. 451, 452-453 (1), supra. Unlike *Fugitt,* we cannot say that every material part of the testimony of the State's witnesses at issue is "purest falsification." While the testimony of the accomplices as to their roles in the commission of the crime is in some respects irreconcilable, there is little significant dispute between the accomplices as to the nature of the overall criminal enterprise or defendant's role in it. See *Blalock v. State,* 250 Ga. 441, 443 (4) (298 SE2d 477). For example, each accomplice denied entering the house and maintained that he remained outside listening to the radio scanner for any indication of an alert concerning their presence at the house but both agreed that defendant (along with the other accomplice) entered the house repeatedly in order to remove various items of personal property which were taken away by the three perpetrators. Nor does testimony by accomplice Deen that he had lied during his testimony at trial, indeed that most of his testimony had not been truthful, necessarily manifest an intent to give false testimony rather than simply a confused or unartful witness. In this case such statements during cross-examination were immediately followed on re-direct with assertions by this witness that he had not intended to give false testimony or to mislead the jury in any respect. Under these circumstances the credibility to be attributed to this witness' testimony remained with the jury. *Yebra v. State,* 206 Ga. App. 12, 13 (1) (424 SE2d 318); *Hayes v. State,* 168 Ga. App. 710 (1) (309 SE2d 843).

Consequently, the trial court's determination that the accomplices' testimony included evidence relevant to issues upon which a credibility determination would need to be made by the jury was correct. There was no error in the denial of defendant's motion to strike the testimony of the accomplices, motion for directed verdict, and motion for new trial. The evidence was sufficient to authorize a rational trier of fact to determine that defendant was guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

494

*Kirbo, McCalley & Forehand, Jon V. Forehand*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.