## A99A0215. WHITE v. THE STATE.
### (519 SE2d 13)

RUFFIN, Judge.

A jury found David White guilty of first degree arson. White appeals, contending that the trial court erred in failing to direct a verdict of acquittal and that his trial counsel rendered ineffective assistance. White's contentions lack merit and we affirm.

1. In two enumerations of error, White claims the trial court erred in denying his motion for directed verdict of acquittal and his motion for new trial based upon the trial court's failure to grant a directed verdict. In a criminal case, alleging error based upon a trial court's failure to grant a directed verdict of acquittal is tantamount to challenging the sufficiency of the evidence. *Watson v. State*, 235 Ga. App. 381, 383 (1) (509 SE2d 87) (1998); *White v. State*, 233 Ga. App. 24, 25 (503 SE2d 26) (1998). Accordingly, we review the denial of a motion for a directed verdict under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Howard v. State*, 233 Ga. App. 724, 727 (2) (505 SE2d 768) (1998). As such, the defendant no longer enjoys a presumption of innocence and we view

the evidence in the light most favorable to support the verdict. *Watson*, supra at 383-384.

Viewed in this light, the evidence demonstrates that in 1987 White purchased a house in Fitzgerald, Georgia for $1,500. In February 1994, White insured the house for $18,000. One month later, White increased the insurance coverage on the house to $30,000. On June 18, 1994, the house was destroyed by fire. Fireman Sheldon Conger testified that when the firefighters attempted to douse the flames, the fire had a "violent reaction to the water," which indicated that the fire had been started with an accelerant such as alcohol, gasoline or kerosene. According to Conger, the house appeared to be uninhabited as there were no utensils or pots in the kitchen, no food in the refrigerator, and no pictures on the wall. Despite the vacant appearance of the house, Conger noticed fresh tire tracks in the yard. Agent Charles Durham, an arson expert with the Georgia Bureau of Investigation, investigated the fire and concluded that it had been intentionally set.

Durham questioned Andrew Deshazor, White's co-defendant who claimed to rent the house from White. Deshazor told Durham that he and White were at the house on June 18, 1994, that White poured alcohol on clothes on the bed, and that he lit a match and ignited the clothing. Deshazor told Durham that White agreed to pay him $500 to pretend that he lived in the house and to have utilities established in his name. An insurance agent testified that the insurance company would not have insured the house had it known the house was not inhabited.

Although Deshazor pled guilty to one count of arson, he recanted at trial, testifying that he and White did not set fire to the house. However, the jury clearly chose to believe Deshazor's statement to Durham rather than his trial testimony. As a prior inconsistent statement constitutes substantive evidence, the jury was authorized to do so. *Parker v. State*, 234 Ga. App. 137, 139 (3) (505 SE2d 784) (1998).

Pursuant to OCGA § 16-7-60 (a) (3), a person who by means of fire knowingly damages a house that is insured against loss is guilty of arson in the first degree. Here, the evidence was sufficient to authorize a rational trier of fact to find that White was guilty of arson. See *Allen v. State*, 222 Ga. App. 492 (474 SE2d 698) (1996).

White maintains that he was entitled to a judgment of acquittal because the only evidence linking him to the crime was the testimony of his accomplice, Deshazor. Under OCGA § 24-4-8, the uncorroborated testimony of an accomplice is insufficient to authorize a felony conviction. However, only slight evidence from an extraneous source linking the defendant to the crime is required to support the verdict. *In the Interest of J. L.*, 229 Ga. App. 447, 448 (1) (494 SE2d 274)

(1997). The evidence corroborating the crime may be entirely circumstantial. *Slaughter v. State*, 227 Ga. App. 739, 741 (1) (490 SE2d 399) (1997).

In this case, evidence other than Deshazor's testimony linked White to the crime. One witness, Susan Howard, testified that over a year before the house burned, she heard White offer her husband $500 to burn the house. In addition, the State presented evidence that White was $80,000 in debt, which constitutes circumstantial evidence of his motive. The evidence also showed that, less than two months before the fire, White obtained $30,000 in insurance on a house worth less than $10,000. Finally, the testimony of Conger and Durham established that the fire was intentionally set. Taken together, this evidence serves to corroborate Deshazor's testimony. *Bryant v. State*, 179 Ga. App. 653 (347 SE2d 301) (1986). Accordingly, the jury was authorized to find White guilty of arson and the trial court did not err in denying his motion for directed verdict. Id.

2. White contends that he is entitled to a new trial in view of the ineffective assistance of his trial counsel. The ineffective assistance issue was timely raised in White's motion for new trial. Following a hearing, the trial court denied White's motion, apparently concluding that his trial counsel rendered effective assistance. As White failed to include a transcript of the hearing conducted on his motion for new trial, "we must presume that the trial court was authorized to find that [White] failed to meet the burden of showing a denial of his constitutional right to counsel." See *Johnson v. State*, 270 Ga. 234, 239-240 (7) (507 SE2d 737) (1998); see also *Williamson v. State*, 234 Ga. App. 658 (1) (507 SE2d 765) (1998). Hence, we affirm.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 1, 1999.

*John A. Rumker,* for appellant.
*John C. Pridgen, District Attorney, Kathryn O. Fallin, Assistant District Attorney,* for appellee.