## A99A1265. HUTCHISON v. THE STATE.
### (522 SE2d 56)

MILLER, Judge.

Convicted of rape, Neil Hutchison appeals on three grounds: insufficiency of the evidence, the sustaining of *Batson* challenges to four females struck by Hutchison, and the admission of a prior similar transaction. We affirm.

1. Based on the evidence presented, could any rational trier of fact have found Hutchison guilty of rape beyond a reasonable doubt? See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Here the victim testified that while she was sunbathing in her bathing suit, Hutchison asked permission to place his beer in her refrigerator. She consented, and once Hutchison was inside the residence, he grabbed her wrists and over her objections forced sexual intercourse upon her. As Hutchison escaped, she cried for help from a neighbor, who called police. Police found the victim traumatized and hysterical, with red marks on her throat, upper arm and chest and with a torn strap on her bathing suit.

After running from police for a day, Hutchison was apprehended and admitted to sexual intercourse with the victim, but claimed she consented in exchange for $50. He further contended that she falsely accused him of rape because he took the $50 back before leaving.

Hutchison argues that the uncorroborated testimony of a single witness is insufficient to sustain a rape conviction. This argument is without merit. *Maloy v. State*, 237 Ga. App. 873, 874 (1) (516 SE2d 370) (1999); *Littleton v. State*, 225 Ga. App. 900, 901 (1) (485 SE2d 230) (1997). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. And corroboration is no longer necessary to establish rape. *Baker v. State*, 245 Ga. 657, 665-666 (5) (266 SE2d 477) (1980).

Moreover, corroboration was shown. The physical marks on the victim's body and her emotional state reflected a recent non-consensual struggle, and Hutchison's evasion of police constituted circumstantial evidence of a consciousness of guilt. *Anderson v. State*,

225 Ga. App. 727, 728 (484 SE2d 783) (1997); *Gearin v. State*, 208 Ga. App. 878, 879 (1) (432 SE2d 818) (1993); see *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683) (1990).

2. Hutchison used eleven of his fourteen peremptory strikes to remove females from the jury, resulting in all eight white female venire persons being removed and in only two females remaining on the thirteen-person jury. The State challenged these selections under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), and *J. E. B. v. Alabama*, 511 U. S. 127 (114 SC 1419, 128 LE2d 89) (1994), as unconstitutional. The court sustained the challenge as to four of the removed females and reinstated them onto the jury.

*Turner v. State*, 267 Ga. 149, 150-151 (2) (476 SE2d 252) (1996), summarized: "The Equal Protection Clause of the U. S. Constitution prohibits discrimination in jury selection on the basis of race or gender, or the assumption that a venireperson will be biased in a particular case for no reason other than the person's race or gender. [Cit.]" The party challenging the selections must first make out a prima facie case of purposeful discrimination by pointing to relevant facts giving rise to an inference of discriminatory purpose. Id. at 151. Here the State pointed to the elimination of all white females from the jury through Hutchison's use of 11 of his 14 strikes to strike females.

Once a prima facie case is made, the proponent of the strikes is asked to set forth a race/gender-neutral, case-related reason for each challenged strike. The opponent of the strikes may then show why the purported reasons are pretextual, and the court then determines whether the opponent has carried his burden to show that discriminatory intent motivated the strikes. "The trial court's findings concerning whether the opponent of the strike has carried the burden of persuasion are entitled to great deference and will be affirmed unless clearly erroneous. [Cit.]" *Turner*, supra, 267 Ga. at 152 (2).

Here Hutchison failed to announce a race/gender-neutral reason for striking Flynn, one of the four females reinstated. His counsel admitted the rationale was that she was a young, white female who would closely identify with the victim (also a young, white female). He even admitted (i) picking certain jurors because they were white males and would therefore identify with the defendant, and (ii) excluding older females because they would be "sympathetic" to the victim and excluding younger females because they would be "antithetical" to the defendant. This is precisely the type of stereotyping that *Batson* and *J. E. B.* prohibit. See *Tedder v. State*, 265 Ga. 900, 901 (2) (463 SE2d 697) (1995); *Herrin v. State*, 221 Ga. App. 356, 359 (471 SE2d 297) (1996) (counsel's admission of gender consideration is automatically an unconstitutional strike).

Although Hutchison did set forth a race/gender-neutral reason for striking the other three reinstated females, these reasons were

suspect in light of his admissions. Moreover, the State in each case showed that similarly situated males were seated on the jury, a well-recognized method of demonstrating that discriminatory intent motivated a strike. See *Turner*, supra, 267 Ga. at 151 (2); *Ford v. State*, 262 Ga. 558, 559 (3) (423 SE2d 245) (1992). Cupp, a potential juror, was allegedly struck because she had previously served on a jury, but the State showed that Hutchison did not strike five males who previously served on a jury. Kreisher was purportedly struck because she was associated with the military and her husband held a management position, yet males with the same background and positions were seated. Similarly, Hernandez was supposedly struck because she was a crime victim and also made strong decisions in her profession as an emergency medical technician, but a male EMT as well as other males who made strong decisions and who were crime victims were seated.

This evidence, especially viewed in light of Hutchison's candid admissions, supported the trial court's findings of discrimination and the reinstatement of the four female jurors.

3. Hutchison previously pled guilty to assaulting another young, white female in her residence shortly after she came in from outside. The evidence showed that during the day Hutchison came to the residence of a woman and asked to use her phone. When she refused, he wrestled her to the ground and took her to a back bedroom where he tried to remove her shorts. He discontinued the assault and escaped. Hutchison contends this prior transaction was not sufficiently similar to the charged crime to allow its admission under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

The State argued the prior assault was similar to the rape here in numerous respects: (i) both victims were unknown to Hutchison, (ii) both had been outside immediately prior to the assault, (iii) both were alone, (iv) both were young, white females, (v) both were assaulted in their own residence, (vi) both assaults took place near the door soon after Hutchison's entry into the residence, (vii) both women were forced down, (viii) no weapon was used in either assault, (ix) both were assaulted for sex, and (x) he fled both scenes immediately after the assault.

A trial court's finding of sufficient similarity will be reversed only if clearly erroneous. *Evans v. State*, 235 Ga. App. 577, 580 (3) (510 SE2d 313) (1998). Also, "[t]he rule allowing similar transaction evidence has been most liberally extended in the area of sexual offenses." (Punctuation and footnote omitted.) *Rehberger v. State*, 235 Ga. App. 827, 829 (2) (510 SE2d 594) (1998). The trial court did not clearly err in finding sufficient similarity.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED AUGUST 18, 1999.

*Elaine T. McGruder*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.