A99A1422. EUBANKS v. THE STATE.
(522 SE2d 240)

MILLER, Judge.

Convicted of possession of cocaine, Darrell Eubanks challenges the sufficiency of the evidence and the effectiveness of his trial counsel. Because the State proved he was near the cocaine and possessed drug paraphernalia, and because he failed to include a transcript of the new trial hearing on appeal, we affirm.

1. Citing a lack of evidence, Eubanks claims the court erred in denying his motions for new trial and for a directed verdict. The test

established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), applies to our review of both rulings. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). The *Jackson* test is whether, based on the evidence as construed in favor of the verdict, any rational trier of fact could have found Eubanks guilty of possessing cocaine beyond a reasonable doubt.

Officer Jones observed Eubanks sitting in the driver's seat, another man in the passenger seat, and a woman in the rear seat of Eubanks' car at 3:00 a.m. in a deserted parking lot. He approached the vehicle and saw a glass pipe (commonly used to smoke crack cocaine) and a napkin (commonly used to hold a hot crack pipe) in Eubanks' lap. He asked Eubanks to exit the car. As he exited, Eubanks dropped the pipe and crushed it with his foot with the specific intent of destroying incriminating evidence. With the help of a second officer, Officer Jones discovered raw cocaine in the mouth of the man sitting in the passenger seat. The second officer also found three plastic bags of cocaine in the man's mouth. Each passenger possessed a crack pipe.

Eubanks argues that spatial proximity to contraband in another's mouth is insufficient to establish constructive possession of the contraband. True, spatial proximity alone is insufficient to sustain a conviction of drug possession, even if based on joint constructive possession. *Ryans v. State*, 226 Ga. App. 595, 596 (1) (487 SE2d 130) (1997). But additional evidence such as defendant's possessing drug paraphernalia will suffice. Id. at 597 (1); see *Cooper v. State*, 237 Ga. App. 837, 838 (2) (517 SE2d 85) (1999); *Moody v. State*, 232 Ga. App. 499, 501 (1) (502 SE2d 323) (1998); *Leonard v. State*, 228 Ga. App. 792, 797 (3) (492 SE2d 747) (1997).

Here police found Eubanks with a crack pipe and napkin in his lap. Eubanks even admitted to destroying the pipe to avoid incrimination. See *Whitfield v. State*, 159 Ga. App. 398, 401 (9) (283 SE2d 627) (1981) (efforts to destroy or conceal evidence may evince intent and participation in crime). The pipe was dark and had a screen filter, indicating it was recently used for cocaine smoking. Eubanks was sweating profusely, exuded a strong odor, and was nervous, jumpy, and talkative, all of which indicated recent drug use. The raw cocaine found in the passenger's mouth was immediately available for use by as many as three people, and each occupant of the car had a crack pipe. This additional evidence connected Eubanks to the cocaine and sustained a finding of joint constructive possession.

2. To show ineffective assistance, Eubanks bore the burden of proving to the trial court that his counsel's performance fell below an objective standard of reasonableness and thereby prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Johnson v. State*, 266 Ga. 380, 381 (2) (467 SE2d

542) (1996). Eubanks' appellate counsel raised the issue in an amended motion for new trial, and after holding a hearing the trial court denied the motion on each and every ground asserted.

Eubanks failed to request or include a transcript of the hearing in the record on appeal. Georgia law is firmly established that absent a transcript, we must presume the trial court was authorized to find that Eubanks failed to meet the burden of proving the ineffectiveness of his trial counsel. *Edwards v. State*, 271 Ga. 3, 4 (2) (514 SE2d 833) (1999); *Johnson v. State*, 270 Ga. 234, 239-240 (7) (507 SE2d 737) (1998); *Sorrells v. State*, 267 Ga. 236, 241 (9) (476 SE2d 571) (1996); *White v. State*, 238 Ga. App. 367, 369 (2) (519 SE2d 13) (1999).

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED SEPTEMBER 2, 1999.

*James W. Gibert,* for appellant.

*Patrick H. Head, District Attorney, John C. Richter, Joel C. Pugh, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.