## A01A0223. CLARK v. THE STATE.
(547 SE2d 734)

MILLER, Judge.

Convicted of rape and burglary with intent to rape, Tim Clark appeals on the general grounds. He argues that the evidence is insufficient to sustain his convictions because the State adduced no physical evidence of any struggle, fight, or force, so the trial court should have granted his motion for new trial. No court except the trial court is vested by OCGA §§ 5-5-20 and 5-5-21 with the authority to grant a new trial in a matter relating to the weight of the evidence.[1] Since the victim testified that Clark entered her residence without consent and then forcibly raped her, we affirm.

When a criminal defendant challenges the sufficiency of the evidence, the question on appeal is whether, based on the evidence as construed in favor of the verdict, a rational trier of fact could have found the defendant guilty of the charged crimes beyond a reasonable doubt.[2] This test also applies when considering the denial of a

---

[1] See *Perryman v. State*, 63 Ga. App. 819, 820 (5) (12 SE2d 388) (1940).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

motion for new trial that focuses on the sufficiency of the evidence.[3]

Here the victim testified that for years Clark made sexually suggestive remarks to her (e.g., "I'm going to get it," with "it" referring to sex with the victim), which advances she consistently rebuffed. When she rebuffed him yet again on June 14, 1998, he told her he knew how to enter her residence and could "get it." Making good on his threat, Clark early the next morning entered her residence at about 12:30 a.m., without her consent, while she and her young daughter slept. She awoke and demanded that he leave. He refused, stating that he was "not leaving until I get it." Over her repeated protests, he overpowered her and roughly forced his penis into her vagina. She did not scream, fearing her daughter would awake and witness the scene. On his way out the door, Clark told the terrified woman that he would "be back again." After reporting the crimes to her sister and the police the next morning, the victim allowed a physician to examine her, who testified he found injuries to her vagina (parallel linear mucosal tears) that are uncommon in mature women and that are consistent with forced sex.

Clark admitted to entering the victim's residence without permission and to having sex with her. But he claimed that she allowed him to stay and that she consented to the sexual intercourse.

Since Clark admitted to entering the residence without the victim's consent and to the intercourse, but contended that she voluntarily submitted to the acts, this simply created an issue of fact to be resolved by the jury.[4] "The jury resolved this conflict in favor of the state, and this court will not substitute its judgment for that of the jury."[5]

The testimony of a victim alone, even without corroboration, is sufficient to sustain a rape conviction as well as a burglary conviction.[6] Here the victim's testimony as to Clark forcing sexual intercourse upon her against her will, which force was further corroborated by the physician's findings, sufficed to sustain the rape conviction.[7] Her testimony as to his prior remarks, his entering her residence without authority, his staying despite her objection, and the subsequent rape suffices to sustain the burglary with intent to rape conviction.[8]

---

[3] *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984); accord *Eubanks v. State*, 239 Ga. App. 796 (1) (522 SE2d 240) (1999).

[4] *Stallworth v. State*, 150 Ga. App. 766, 767 (1) (258 SE2d 611) (1979).

[5] (Citations and punctuation omitted.) Id.

[6] *Littleton v. State*, 225 Ga. App. 900, 901-902 (1), (3) (485 SE2d 230) (1997); see *Hutchison v. State*, 239 Ga. App. 664 (1) (522 SE2d 56) (1999).

[7] *Hutchison*, supra, 239 Ga. App. at 664 (1); *Littleton*, supra, 225 Ga. App. at 901 (1); see OCGA § 16-6-1 (a).

[8] *Brown v. State*, 242 Ga. App. 858, 859-861 (1) (531 SE2d 409) (2000); see OCGA § 16-7-1 (a).

As the evidence was sufficient to sustain the convictions, the court did not err in denying the motion for new trial.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2001 

*Thomas M. Rego*, for appellant.

*James R. Osborne, District Attorney, Elizabeth L. Larson, Assistant District Attorney*, for appellee.

