31182, 31183, 31184, 31205. MARKS et al. v. THE STATE.

JORDAN, Justice.

The appellants Marks, Heard, Wright and Kemp, were convicted of rape and appeal.

1. The victim identified the appellants and testified that they had sexual intercourse with her against her will. Her testimony was corroborated by police officers and others to whom she reported the incident shortly thereafter and medical testimony to the effect that there were lacerations and abrasions of the vagina and hymen together with the presence of sperm.

We find the evidence and the corroboration to be sufficient.

2. During the direct examination of the prosecutrix, the appellants objected to the district attorney and the prosecutrix using the word "rape" to describe the incident. In response to the objection the trial judge instructed the district attorney not to use that term but did not so restrict its use by the prosecutrix. At the same time he fully instructed the jury that the question of whether or not any rape occurred would be a question for their determination at the appropriate time. Under these instructions we find no error.

3. The appellants assert as error the court's instruction to the jury on corroboration. The trial court gave the usual charge to the effect that in order to convict a defendant or defendants of the offense of rape that the testimony of the female alleged to have been raped must be corroborated. He amplified this charge by giving the jury accepted illustrations of corroboration, such as outcry, physical injury, and presence of spermatozoa. The charge considered as a whole was fair and did not mislead the jury. See *Evans v. State,* 235 Ga. 396 (4) (219 SE2d

725) (1975).

4. The trial judge allowed the prosecutrix, over objection, to testify that a hospital volunteer told her not to think or worry about the incident and not to talk to anyone concerning it if she so chose. The purpose of this testimony was to explain the conduct of the prosecutrix later that night in failing to make statements to police officers and delaying the signing of a written statement. The trial judge admitted this testimony with explicit instructions to the jury that its only purpose was to explain her conduct. Such testimony to explain conduct is admissible. Code Ann. § 38-302.

5. The trial court did not err in failing to charge the law of fornication as a lesser included offense. There was no request that such charge be given. To the contrary, appellants' counsel expressly agreed with the court that such charge would not be given and that it was "rape or nothing." As to the failure to request a charge on a lesser included offense, see *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

6. The trial court charged that the defendants entered upon the trial of the case with the presumption of innocence in their favor and that such presumption "remains with each defendant throughout the trial of the case until and unless the State produces evidence in your presence and hearing sufficient to satisfy your mind beyond a reasonable doubt of the defendants' or a defendant's guilt of the offense charged against him." The judge then continued by instructing the jury on the state's burden of proof of guilt beyond a reasonable doubt. Appellants object to the words "until and unless," contending this infers that at some point in the trial the state may produce evidence sufficient to shift the burden to defendant to prove his innocence. We find no merit in this contention. See *Hightower v. State,* 225 Ga. 681 (171 SE2d 148) (1969) and *Payne v. State,* 233 Ga. 294, 309 (210 SE2d 775) (1974). We stated in *State v. Moore,* 237 Ga. 269 (1976), that, "we point out that usual charges on presumptions are not considered 'burden shifting' charges, nor are charges that presumptions may be rebutted."

*Judgment affirmed. All the Justices concur, except*

*Gunter, J., who concurs in the judgment only.*

31182, 31183, and 31184, SUBMITTED MAY 21, 1976; 31205,
SUBMITTED MAY 28, 1976 — DECIDED JULY 9, 1976.

*William M. Andrews,* for appellants (case nos.
31182, 31183).
*Harris C. Bostic,* for appellant (case no. 31184).
*Monroe J. Feldman,* for appellant (case no. 31205).
*Lewis R. Slaton, District Attorney, Richard E. Hicks,
Assistant District Attorney, Arthur K. Bolton, Attorney
General,* for appellee.