## 59552. PERRY v. THE STATE.

BIRDSONG, Judge.

Curtis Perry was tried and convicted by jury of burglary, aggravated assault, and criminal trespass. He was sentenced to seven years concurrently on the burglary and assault, four to serve and three on probation. He received a 12-month concurrent sentence on the criminal trespass. He unsuccessfully moved for a new trial on the general grounds and brings this appeal on the denial of that motion. *Held:*

Although the evidence was disputed, the jury was warranted in believing the following occurrences. Perry and his wife were living apart because of financial and health reasons, he with his mother and she with her parents. On the evening of the offenses in question, Perry made arrangements to meet his wife at a local club. However, Perry went to one place and stayed longer than planned. As a result he and his wife did not make their rendezvous. At about 2:30 a.m. Perry was sitting in a car, in the dark, outside his father-in-law's house when Mrs. Perry returned. Perry called to his wife from the car but she did not at first recognize his voice. The second time he called to her she recognized who it was. Perry asked her to come over to the car. Apparently, Perry believed that his wife had deliberately not met him. Mrs. Perry felt that something was strange and fled into her father's house. She locked the glassed screen door. Perry came to the door and demanded to be allowed into the house. When Mrs. Perry refused, Perry either kicked the glass

out of the door or broke a wooden chair and used that to break out the glass. In any event he forcibly entered the house and went to the bedroom where Mrs. Perry was standing between two beds. Mrs. Perry, fearing for her safety, had picked up a pressing iron and when Perry approached her, she swung the iron at him. It is disputed whether she struck him or not. Perry took the iron away from Mrs. Perry and knocked her face down on the bed. He then repeatedly struck her on the back and in the head with the iron causing injuries to both her head and body. Forty stitches were required to suture the cuts caused by the iron. Mrs. Perry also spent four days in the hospital. Perry denied striking her with the iron, maintaining that he grabbed her by the hair and struck her head on the bedboard.

The jury returned a verdict of guilty and the appellant seeks a reversal of his conviction by arguing that the trial court erred in denying a motion for new trial on the general grounds. The only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. *Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894); *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). The evidence of the primary issue in this case was in conflict and the jury resolved that issue against Perry. We cannot fault the jury for that conclusion in view of the evidence before it. *Griffin v. State,* 237 Ga. 532 (228 SE2d 908); *Miller v. State,* 149 Ga. App. 108, 109 (253 SE2d 469). As we view that evidence, we are satisfied that any rational trier of fact reasonably could have found proof of all the essential elements of each of the crimes charged beyond reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). The denial of Perry's motion for new trial on the general grounds was not error.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MARCH 5, 1980 — DECIDED APRIL 28, 1980.

*A. Frank Grimsley,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.