## 68870. MULLINAX v. THE STATE.
### (323 SE2d 897)

BENHAM, Judge.

This appeal is from appellant's conviction of rape and aggravated sodomy.

1. The first enumeration of error is that the trial court erred in denying appellant's motion for a directed verdict of acquittal.

"Where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense, the court may direct the verdict of acquittal to which the defendant is entitled under the evidence and may allow the trial to proceed only as to the counts or offenses remaining, if any." OCGA § 17-9-1 (a). The victim in the present case testified that appellant entered her dwelling without her consent or knowledge, awakened her and threatened her with what she believed was a pistol, had sexual intercourse with her against her will, and forced her to submit to an act of oral sex.

In his testimony, appellant admitted engaging in the sexual acts related by the prosecutrix, but swore that she invited him into her dwelling and consented to the sexual activity. It may be seen, then, that the evidence in this case, sharply conflicting as it is, does not meet the standard mandated by OCGA § 17-9-1 (a). " 'It is only when the evidence demands a verdict of not guilty that it is error for the trial court to refuse a motion for a directed verdict of acquittal.' [Cit.]" *Paxton v. State*, 160 Ga. App. 19 (5) (285 SE2d 741) (1981).

The essence of appellant's argument in support of this enumeration of error is that his testimony is more worthy of belief than that of the prosecutrix and that, therefore, he should have been acquitted. That argument clearly does not address the denial of a motion for a directed verdict of acquittal and is equally ineffective in a case such as the present case to argue the sufficiency of the evidence. Questions of credibility are for the jury. *Perry v. State*, 154 Ga. App. 418 (268 SE2d 755) (1980). Although testimony of the victim and of the appellant was in direct conflict, our review of the evidence convinces us that a rational trier of fact could reasonably have found from the evidence adduced at trial that appellant was guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Appellant's reliance on *Barnett v. State*, 153 Ga. App. 430 (265 SE2d 348) (1980); *Davis v. State*, 13 Ga. App. 142 (78 SE 866) (1913); and other circumstantial evidence cases is misplaced. In those cases a finding of guilty would require that an inference be drawn from circumstances; no such inference was required in this case since the prosecutrix testified unequivocally that the sexual acts committed by

appellant were committed against her will. We find no merit in appellant's attack on the evidence.

2. Appellant's second enumeration of error, that the trial court improperly permitted a testifying physician to refer to the prosecutrix as "the rape victim," is not supported by the evidence. The testimony to which appellant's counsel objected at trial was the doctor's testimony that his duties as medical examiner included examining victims; that a police officer had contacted him and asked him to "examine this victim"; and that the crime lab provides a kit to use in examining a rape victim. Since the doctor did not refer directly to the prosecutrix as a rape victim or testify that a rape had occurred, and since the crime of rape was so central to the trial that it would have been unreasonable to require all witnesses to avoid use of the word, we find no error in the trial court's overruling of appellant's objection.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 15, 1984.

*Wynn Pelham*, for appellant.

*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney*, for appellee.