## A98A1300. HARRIS v. THE STATE.
(505 SE2d 239)

BLACKBURN, Judge.

Following a jury trial, Michael Rodney Harris appeals his convictions for the aggravated assault of Carla Passley and Monica Passley, contending that (1) the evidence was insufficient to support the verdict, (2) a fatal variance exists between the allegations set forth in the indictment and the evidence adduced at trial, and (3) the trial court erred by admitting cumulative evidence. For the reasons discussed below, we affirm.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Harris] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. . . . The standard for reviewing [an appeal based on insufficiency of the evidence] is whether under the rule of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." (Punctuation omitted.) *Lester v. State,* 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in the light most favorable to the verdict, the record shows that Harris had been involved in a romantic relationship with Carla Passley. Although the relationship had been terminated by Carla, Harris wished to reconcile with her. On the evening of December 24, 1995, Carla and her niece Monica went to a friend's home. An hour or so later, as she was departing, Monica saw Harris approaching. Monica re-entered the home, instructing the guests not to open the doors because Harris was behaving strangely and would attempt to gain access to Carla.

After Harris knocked and was not permitted to enter, he forced the door open. Harris entered the home, kicked at Carla, and shattered a glass table. Harris then pulled out a knife and pursued Carla. Carla fled into the bathroom and attempted to close the door to escape from Harris. Harris forced the door open and, finding Carla on the ground with her legs pinioned against the door, stabbed Carla in the leg. While Carla attempted to protect herself, Harris continued stabbing her in the head, ears, back, legs, arms, chest, and buttocks.

Fearing that Harris would kill Carla, Monica followed Harris to the bathroom and began punching, hitting and pulling on Harris to make him stop. She attempted to grab the knife on two occasions, *cutting her hand in the process.* Harris ordered Monica to stop interfering, saying: "Get back or I'm going to kill you, too." As Harris continuously stabbed Carla, the blade of the knife broke. Then, with the remainder of the knife, Harris turned and hit Monica, cutting her mouth. At some point, Carla fled from the bathroom to the bedroom and lost consciousness. Harris then left the home.

1. In his first enumeration, Harris contends that the evidence was not sufficient to support his conviction for the aggravated assault of Monica.[1] We disagree.

Harris does not deny that he injured Monica. He argues instead that no assault occurred because Monica did not experience an apprehension or fear of bodily harm and because he did not intentionally harm Monica. These contentions are patently erroneous.

Among other ways, an aggravated assault occurs when a person assaults another with "a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). In turn, "[a] person commits the offense of simple assault when he *either* . . . [a]ttempts to commit a violent injury to the person of another *or* . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." (Punctuation omitted and emphasis supplied.) OCGA § 16-5-20 (a). Even if we were to accept Harris' argument that Monica's attempt to protect Carla showed that she was not apprehensive about receiving a violent injury, the evidence clearly shows that Harris assaulted Monica by his attempt to commit a violent injury to her. Moreover, we do not accept Harris' characterization of Monica's acts as proof that she was not apprehensive of receiving injury. The jury was entitled to believe that such apprehension existed; it was simply overcome by Monica's greater apprehension that Carla would perish without her assistance.

We also reject Harris' contention that he accidentally wounded Monica. As an initial matter, there was testimony that Harris explicitly threatened Monica's life, clearly showing his intention to harm her. However, even without this explicit threat, the evidence would still be sufficient to support Harris' conviction based on the doctrine of transferred intent. "When an unintended victim is struck down as a result of an unlawful act actually directed against someone else,

---

[1] Harris does not also appeal his conviction for the aggravated assault of Carla based on insufficiency of the evidence.

the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it. In legal contemplation, the intent follows the act through to its legitimate results." (Punctuation omitted.) *Fussell v. State*, 187 Ga. App. 134, 136 (369 SE2d 511) (1988). Accordingly, the evidence was sufficient to enable the jury to find Harris guilty beyond a reasonable doubt of the offense of aggravated assault against Monica. See *Jackson v. Virginia*, supra.

2. In his second enumeration of error, Harris asserts that a fatal variance exists between the allegations set forth in the indictment and the evidence adduced at trial with regard only to the count of aggravated assault against Monica. Again, we disagree.

In this case, Harris was indicted for making "an assault upon the person of Monica Passley, with a knife, a deadly weapon, by stabbing her with said knife." Harris contends that the evidence at trial showed only that Harris *hit* Monica in the face with the knife handle, not that he stabbed her. In other words, Harris contends that the indictment's reference to "stabbing" and the evidence at trial of "hitting" caused a fatal variance.

"The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." (Citation and punctuation omitted.) *Lowery v. State*, 209 Ga. App. 5, 8-9 (432 SE2d 576) (1993).

It cannot reasonably be argued that the indictment failed to inform Harris of the charges against him or subjected him to a risk of another prosecution for the same offense. Whether referred to as stabbing or hitting, Harris inflicted cuts and gashes upon Monica with a knife. That is what the indictment alleged. That is what the evidence showed. As such, Harris' argument in this matter is erroneous.

3. In his third enumeration of error, Harris contends that the trial court erred by admitting a blood-stained shirt which had been used to stop the flow of Carla's blood immediately following the attack as it was cumulative and unduly prejudicial. We disagree.

At the time it admitted the actual shirt, the trial court also admitted a photograph of this blood-stained shirt which depicted its state at the time of the stabbing. It is clear that admission of a *picture* of the shirt was proper, even if duplicative or likely to inflame the jury. *Burgan v. State*, 258 Ga. 512, 514 (3) (371 SE2d 854) (1988). In this case, we find no logical reason to apply a different rule to the actual item which the picture depicted. As such, we also reject

Harris' argument that the admission of the shirt was unduly prejudicial to him.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 30, 1998.

*Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney*, for appellee.