A04A1792. FLOWERS v. THE STATE.
(604 SE2d 285)

ELLINGTON, Judge.

A Lowndes County jury convicted Jerry Flowers of rape, OCGA § 16-6-1. Flowers appeals, challenging the admission of evidence of a similar transaction and the sufficiency of the evidence. Finding no error, we affirm.

Viewed in the light most favorable to the prosecution,[1] the record shows the following facts. On January 12, 2001, at approximately 11:30 p.m., the victim was talking to her mother on the telephone when she heard a knock on the door. When she answered the door, Flowers pushed his way inside. The victim recognized Flowers but did not know his name. Flowers told the victim he wanted to "eat [her] p----y," and she told him to leave. The victim repeatedly and explicitly told Flowers not to touch her and that she did not want to have any sort of sexual relations with him. When Flowers refused to leave, the victim tried to call 911. Flowers began choking her and holding her out of reach of the telephone. In order to get to another telephone and call for help, the victim suggested they go to a bedroom. Flowers told the victim to disrobe and choked her when she refused. Finally, the victim complied and positioned herself on the bed as Flowers instructed. Flowers raped her in the bedroom and then left the house. The victim immediately called the police and described Flowers' clothing: a black jacket, dark blue pants, and a black cap. Officers quickly spotted Flowers, who was wearing the clothing the victim had described, a short distance from the victim's house. In a custodial statement which was admitted at trial, Flowers admitted having sex with the victim, although he did not know her name, but claimed it was consensual. A medical examination of the victim that night

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

revealed the presence on the victim's cervix of several petechiae, tiny ruptured blood vessels, indicating injury from blunt force.

1. Flowers contends the trial court abused its discretion in admitting evidence of other bad acts, specifically, evidence that Flowers raped another woman. Although the conduct of an accused in other transactions is generally irrelevant,[2] the admissibility of evidence of similar transactions is contingent upon three affirmative showings: "(1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter." (Citation omitted.) *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001).[3] When reviewing the trial court's factual findings regarding whether the State satisfied the three-prong test, we apply the clearly erroneous standard. *Garrett v. State*, 253 Ga. App. 779, 781 (3) (560 SE2d 338) (2002); *Mitchell v. State*, 249 Ga. App. 520, 521 (1) (548 SE2d 469) (2001). Further, the decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. *Jones v. State*, 255 Ga. App. 609, 611 (565 SE2d 915) (2002).

The previous victim testified that on January 7, 2001, just days before the charged offense, as she was unlocking the door to her home at approximately 11:15 p.m., Flowers knocked her to the ground and then carried her into her living room. The woman was acquainted with Flowers. Flowers removed her clothes and said, "since you don't want to give up no p----y, I'm going to take it." Flowers raped the woman and then left her house. He was wearing a black jacket, black pants, and a black stocking cap. At trial, the State offered the previous victim's testimony to show Flowers' bent of mind and lustful disposition. The trial court noted the following similarities between the two crimes: the rapes occurred during the same week and at the same time of night; the rapes occurred in homes in the same neighborhood; Flowers was wearing similar clothing each time; each victim was familiar with Flowers; each rape occurred after Flowers pushed his way uninvited into the victim's home; and Flowers used similar language in demanding sex from each victim. Finding the crimes

---

[2] See OCGA § 24-2-2 ("The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.").

[3] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) (establishing three-prong test for similar transactions); Uniform Superior Court Rule 31.3 (B) (procedure for admission of evidence of similar transactions).

sufficiently similar and offered for a legitimate purpose, the trial court admitted evidence of the similar transaction.

Flowers claims the evidence was not admitted for a proper purpose and was not sufficiently similar to the charged offense. Flowers' brief, however, presents no legal analysis explaining why the stated purpose for admitting the evidence was not proper or how the other rape was too dissimilar to the charged offense to be admitted. Based on our examination of the record, we conclude the trial court's finding that the State satisfied the three-prong test was not clearly erroneous. *Rowe v. State*, 263 Ga. App. 367, 368-369 (1) (587 SE2d 781) (2003); *Glass v. State*, 255 Ga. App. 390, 394 (2) (565 SE2d 500) (2002).

In addition, Flowers suggests the admission of similar transaction evidence, particularly in rape cases, runs afoul of the United States and Georgia Constitutions. Flowers failed to articulate any basis for such a conclusion and failed to cite any legal authority for his position. As we have explained, legal analysis "is, at a minimum, a discussion of the appropriate law as applied to the relevant facts." (Citation and punctuation omitted.) *Higgins v. State*, 251 Ga. App. 175, 178, n. 3 (554 SE2d 212) (2001). Consequently, this argument is deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2). *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000).

Accordingly, the trial court did not abuse its discretion in admitting the similar transaction evidence. *Rowe v. State*, 263 Ga. App. at 368-369 (1); *Glass v. State*, 255 Ga. App. at 394 (2).

2. Flowers contends the evidence was insufficient to convict him of rape, arguing, in essence, that there was no evidence that the act of sexual intercourse occurred forcibly and against the victim's will. On appeal, this Court reviews the evidence presented in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. *Jackson v. Virginia*, 443 U. S. at 319. We do not judge the credibility of the evidence or weigh the evidence presented, but only determine whether there was sufficient evidence for a rational trier of fact to determine that the defendant is guilty beyond a reasonable doubt of the crimes charged. Id.

In arguing that the record demanded a finding that the victim consented to have intercourse with him, Flowers sneeringly contends that "casual sex is a part of the victim's lifestyle," citing the victim's "drawer full of condoms" and her acquiescence in Flowers' demand that she remove her clothes and position herself a certain way on the bed. See OCGA § 24-2-3 (a) (evidence relating to a rape victim's "past sexual behavior" such as evidence of her "marital history, mode of dress, general reputation for promiscuity, nonchastity, or sexual mores contrary to the community standards" is inadmissible). Be-

cause we do not weigh the evidence, however, we are not concerned with the *strength* of the evidence supposedly favoring Flowers' defense but only with whether there was sufficient evidence to allow the jury to find as it did, that Flowers is guilty beyond a reasonable doubt of rape. In this case, the evidence, particularly the victim's testimony, was sufficient to support a finding that the act of intercourse with Flowers was done forcibly and against her will. *Clark v. State*, 249 Ga. App. 97 (547 SE2d 734) (2001); *Mullinax v. State*, 172 Ga. App. 601-602 (1) (323 SE2d 897) (1984). Because the evidence was sufficient for a rational trier of fact to find Flowers guilty beyond a reasonable doubt of rape, we affirm.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 2, 2004.

*William R. Folsom*, for appellant.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.