A06A2424. DUDLEY v. THE STATE.
(640 SE2d 677)

ADAMS, Judge.

A Fulton County jury found Hubert F. Dudley guilty of aggravated assault and terroristic threats. On appeal, Dudley claims that the trial court erred in its charge and recharge to the jury on aggravated assault, that he received ineffective assistance of counsel, and that the evidence was insufficient to support the verdict. We disagree and affirm.

---

On appeal, Dudley no longer enjoys the presumption of innocence and the evidence must be viewed in the light most favorable to the verdict. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). So considered, the evidence shows the following: Dudley saw the victim, his former girlfriend, in downtown Atlanta as she was walking to class, and he grabbed her arm. Dudley told the victim that he wanted to get back together, but the victim responded that she did not want to be with him anymore and that she loved her current boyfriend. Dudley informed the victim that he was going to kill her and then kill himself. Dudley then tried to hug the victim, and she felt him place a razor blade against the back of her neck. Dudley swung at her neck with the razor blade, but missed. According to the victim's testimony, she was afraid for her life. After swinging at the victim, Dudley cut his own wrist. Two witnesses then told Dudley to drop the razor blade, which he did.

1. The indictment alleged that Dudley assaulted the victim "by holding a razor blade against the neck of [the victim], said razor blade being an object which when used offensively against a person is likely to result in serious bodily injury."[1] In its charge and recharge on aggravated assault, the trial court instructed the jury that "[a] person commits the offense of aggravated assault when that person assaults another person with a deadly weapon, or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Dudley claims that the jury instruction was erroneous because the trial court charged the jury with an additional method of committing aggravated assault through use of a deadly weapon while the indictment alleged only that he committed aggravated assault through the use of "an object which when used offensively against a person is likely to result in serious bodily injury."

> [I]t is error to charge the jury that a crime may be committed by alternative methods, when the indictment charges it was committed by one specific method. If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective because of a fatal variance between the proof at trial and the indictment returned by the grand jury.

---

[1] The indictment also refers to Dudley having committed aggravated assault under "OCGA § 16-5-21 (with an object)" and specifies that Dudley's actions "placed [the victim] in reasonable apprehension of receiving serious bodily injury."

(Citation and punctuation omitted.) *Blige v. State*, 208 Ga. App. 851, 852 (2) (432 SE2d 574) (1993).

Here, the trial court instructed the jury that the State was required to prove every material allegation of the indictment beyond a reasonable doubt. The indictment charged that Dudley committed the crime by holding a razor blade against the victim's neck. The only weapon shown to be used by Dudley was a razor blade. Accordingly,

> the question whether the [razor blade] constituted a deadly weapon or whether it constituted an instrument likely to inflict serious bodily harm had nothing to do with the manner in which the crime was committed. Consequently, the charge cannot reasonably be deemed to have presented the jury with an alternative basis for finding the appellant guilty of aggravated assault not charged in the indictment.

(Citation and punctuation omitted.) *Davis v. State*, 184 Ga. App. 230, 232-233 (2) (361 SE2d 229) (1987). Accord *Miller v. State*, 174 Ga. App. 703, 704 (3) (331 SE2d 616) (1985).

Furthermore, the allegedly erroneous portion of the trial court's charge is taken from OCGA § 16-5-21 (a) (2). "The well-established rule is that a charge citing a code section in its entirety is not error where a portion of the section is applicable so long as it does not appear that the inapplicable part misled the jury." *Davis*, 184 Ga. App. at 231 (2). We find no error.

2. Dudley claims that he received ineffective assistance of counsel when his trial counsel failed to object to a portion of the prosecutor's closing argument. In particular, Dudley contends that the prosecutor improperly described the type of aggravated assault for which Dudley had been indicted to include assault with a deadly weapon when the prosecutor told the jury that a person "commits an aggravated assault when he assaults another person with a deadly weapon or any object, device or instrument which when used against a person is likely to or actually does result in serious bodily injury."

To prevail on his ineffective assistance claim, Dudley had "the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different." (Citation and punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 25 (7) (619 SE2d 731) (2005). Dudley cannot show that his trial counsel's performance was deficient because an objection would have been without merit. The prosecutor's description of aggravated assault was in accordance with the statute, consistent with the trial court's instruction to the jury, and, given the evidence, could not have misled the jury into convicting Dudley on an alternate basis of aggravated

assault not specified by the indictment. See OCGA § 16-5-21 (a) (2); *Henry v. State*, 279 Ga. 615, 617 (3) (619 SE2d 609) (2005) (failing to make a meritless objection is not ineffective assistance).

3. Dudley further contends that the evidence was insufficient to support the verdict for aggravated assault. We disagree. The evidence, which included the victim's testimony and that of two eyewitnesses, was sufficient to authorize a rational trier of fact to find proof of his guilt beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Dudley also uses this enumeration of error to argue that the indictment was insufficient to charge the elements of aggravated assault. Pretermitting whether the issue was preserved for purposes of direct appeal, see *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000), the indictment is not defective. "The true test of validity [of the indictment] is found in the answer to the question: Can the defendant admit the charge as made and still be innocent?" (Citation and punctuation omitted.) Id. Dudley cannot admit the charges in the indictment and still be innocent of aggravated assault as the indictment alleges that he assaulted the victim and that the assault was aggravated by the use of the razor blade as an offensive weapon. See OCGA § 16-5-21 (a) (2); *State v. Bolman*, 222 Ga. App. 534, 535 (474 SE2d 721) (1996).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 18, 2006.

Dell Jackson, for appellant.

*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.