A06A2064. CHERRY v. THE STATE.

(642 SE2d 369)

ADAMS, Judge.

Leo F. Cherry was convicted by a jury of seven counts of child molestation and one count of aggravated child molestation involving W. W. and S. W., his girlfriend's two minor daughters. The trial court denied his motion for new trial and Cherry appeals. We affirm.

1. Cherry first asserts that he received ineffective assistance of counsel at his trial. He argues that his counsel's performance was deficient because he failed to object or to reserve objection to the court's jury charge on sodomy. In addition, he asserts that his trial attorney should have objected to portions of the prosecutor's closing argument that Cherry argues were improper.

> To prevail on this claim, [Cherry] must show that the attorney's performance was deficient and that, but for the deficient performance, there is a reasonable probability the trial would have ended differently. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Sanders v. State,* 281 Ga. 36, 39 (3) (635 SE2d 772) (2006). Moreover, Cherry must overcome the strong presumption that trial counsel provided effective representation, and where a trial attorney's strategy and trial tactics were reasonable at the time, counsel's performance cannot be deemed ineffective. *Welbon v. State,* 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). Thus he must "demonstrate that his counsel's performance was not reasonable under the circumstances confronting his counsel at the time, without resorting to hindsight." (Citation and punctuation omitted.) *Nickerson v. State,* 248 Ga. App. 829, 831 (2) (545 SE2d 587) (2001). Further, this Court accepts the trial court's findings of fact with regard to a claim of ineffective assistance of counsel, unless they are clearly erroneous, but we review the trial court's legal conclusions de novo. *Wiggins v. State,* 280 Ga. 627, 628-629 (2) (632 SE2d 80) (2006).

(a) *Jury Charge*

The sole charge of aggravated child molestation in Cherry's indictment asserted that he had committed cunnilingus with W. W., "which act involved an act of sodomy, involving the mouth of the accused and the sex organ of another." Cherry contends that his trial attorney should have objected to the portion of the trial court's jury

charge defining sodomy "as performing or submitting to a sexual act involving the sex organs of one and the mouth or anus of another." He argues that this charge was not properly adjusted to fit the facts alleged in the indictment as it encompasses acts not charged in the indictment. Cherry asserts that the charge was harmful because there was evidence at trial of other forms of sodomy, and the jury could have convicted him of aggravated child molestation in a manner not alleged in the indictment.

We note that a counsel's decision whether to object to a particular jury charge is a matter of trial strategy and

> [t]rial tactics, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel to have been ineffective so as to overturn a conviction. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Citations and punctuation omitted.) *Brantley v. State*, 271 Ga. App. 733, 737 (1) (611 SE2d 71) (2005). At the hearing on the motion for new trial, Cherry's trial attorney stated that he did not object to this charge because he did not see anything wrong with it at the time. And the charge at issue was a correct definition of "sodomy" under Georgia law. OCGA § 16-6-2 (a).

Moreover, "it is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Footnote omitted.) *Navarro v. State*, 279 Ga. App. 311, 316 (3) (630 SE2d 893) (2006). In addition to the sodomy charge, the trial judge instructed the jury that "no person shall be convicted of any crime unless and until each element of the crime *as charged* is proved"; that the State had the burden of proving each and every material allegation of the indictment; and further that the jury could enter a finding of guilty as to the charge of aggravated child molestation only upon a finding beyond a reasonable doubt that Cherry committed the crime upon W. W. as alleged in the indictment.

In addition, although Cherry asserts that the State presented evidence of other possible acts of sodomy, such evidence related to S. W., and not to W. W., who was the sole victim alleged on the aggravated child molestation charge. The only evidence of sodomy involving W. W. was testimony that corresponded to the facts alleged in the indictment.

Under these circumstances, we find that there was no danger that the trial court's instructions might have misled the jury into convicting Cherry of aggravated child molestation based upon facts not charged in the indictment. See *Anderson v. State*, 282 Ga. App. 58,

61-62 (2) (637 SE2d 790) (2006); *Howell v. State*, 278 Ga. App. 634, 641-642 (5) (629 SE2d 398) (2006); *Joiner v. State*, 257 Ga. App. 375, 376 (2) (571 SE2d 430) (2002). Accordingly, Cherry cannot prove that his counsel was ineffective in failing to object or to reserve objections to this charge. "[T]he failure to make a meritless objection does not constitute ineffective assistance of counsel." (Footnote omitted.) *Mobley v. State*, 277 Ga. App. 267, 273 (3) (a) (626 SE2d 248) (2006).

(b) *Closing Argument*

Cherry also contends that his trial counsel was ineffective in failing to object to what he characterizes as improper statements to the jury by the prosecutor during closing argument. He takes issue with the prosecutor's statement on several different occasions during closing argument that W. W. and S. W. should not be "punished." On one occasion, for example, the prosecutor stated, "There will come a day when a child will not be punished in a Court of law for what didn't happen to them." On another, she stated, "[S. W.] should not be punished because he didn't do enough damage." And there were three other similar references during the argument. Cherry asserts that this line of argument suggested to the jury that the children would be punished if he were not convicted and encouraged the jury to reach a verdict, not on the evidence, but in order to prevent such punishment.

At the hearing on the motion for new trial, Cherry's trial attorney testified that he did not see anything improper in the prosecutor's argument at the time; if he had, he would have raised an objection. As he noted, "[s]ometimes when things are written or typed and they're read later, they come across a bit different than how they come across when they're actually spoken."

"As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion." (Citation and punctuation omitted.) *Garvin v. State*, 283 Ga. App. 242, 245 (3) (c) (641 SE2d 176) (2007). See also *Nelson v. State*, 278 Ga. App. 548, 555 (8) (d) (629 SE2d 410) (2006). Additionally, the prosecutor's remarks must be considered in their context. "[E]ven an improper statement, when taken in context, may not constitute reversible error." (Citation omitted.) *Sosebee v. State*, 190 Ga. App. 746, 747 (1) (380 SE2d 464) (1989). "What is not permitted, however, is the injection into the argument of extrinsic, prejudicial matters that have no basis in the evidence." (Footnote omitted.) *Navarro v. State*, 279 Ga. App. at 313 (2). But "[a] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting for lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." (Citation and punctuation omitted.) *Hambrick v. State*, 278 Ga. App. 768, 772 (3) (629 SE2d 442) (2006).

Viewing the statements at issue in their context, it is apparent that when the prosecutor made them, she was addressing the lack of physical injury or eyewitnesses to corroborate the girls' testimony. She used the phrase "the girls should not be punished" to mean that they should not be disbelieved because they were children or because such other evidence was lacking. We find that these comments did not impermissibly divert the jury from the evidence, and thus that Cherry's counsel was not ineffective in failing to raise an objection. See generally *Jackson v. State*, 278 Ga. 235, 238 (5) (599 SE2d 129) (2004); *Hambrick v. State*, 278 Ga. App. at 772 (3); *Dudley v. State*, 283 Ga. App. 86, 88 (2) (640 SE2d 677) (2006); *Perry v. State*, 232 Ga. App. 484, 486 (2) (a) (500 SE2d 923) (1998).

2. Cherry next asserts that the trial court erred in denying his motion for a directed verdict as to Counts 1 and 5 of the indictment. "On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Citation and punctuation omitted.) *Bryson v. State*, 282 Ga. App. 36, 39 (1) (c) (638 SE2d 181) (2006).

(a) *Count 1*

Count 1 of the indictment alleged that Cherry committed child molestation when he "fondled the breast area of W. W. . . . with the intent to arouse the sexual desires of the accused. . . ." Cherry asserts that the evidence was insufficient to support his conviction of this crime because W. W. testified at trial only that he "*tried* touching [her] breast." Cherry asserts that while such evidence may have been enough to establish attempted child molestation, it could not support his conviction on Count 1. Cherry concedes, however, that the State also introduced a taped interview with W. W. in which she stated that Cherry had touched her "chest" with his hands. He asserts, however, that W. W.'s chest was not the same thing as her "breast."

But there is no requirement that the State present testimony that precisely tracks the language found in the indictment.[1] And having reviewed the taped interview and the testimony at trial, we find no basis for distinguishing between the words "breast" and "chest" in this context. The evidence was sufficient to support Cherry's conviction under Count 1 of the indictment. See generally *Holton v. State*, 269 Ga. App. 808, 812 (3) (605 SE2d 619) (2004); *McGhee v.*

---

[1] The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

(Citation and punctuation omitted.) *Harris v. State*, 233 Ga. App. 696, 698 (2) (505 SE2d 239) (1998). These criteria were clearly met in this case.

*State*, 263 Ga. App. 762, 763 (589 SE2d 333) (2003); *Carter v. State*, 240 Ga. App. 203, 207 (523 SE2d 47) (1999) (each upholding convictions where victim testified, inter alia, that defendant touched her chest). See also *Walsh v. State*, 236 Ga. App. 558, 562 (4) (512 SE2d 408) (1999) (holding that the issue of whether a particular touch was sexual in nature so as to constitute child molestation is for the jury).

(b) *Count 5*

Count 5 alleged that Cherry committed child molestation when he "fondled the vaginal area of S. W. . . ." At trial, S. W. testified that Cherry had touched her in "some kind of different ways," but she did not specifically describe an instance when he had touched her vaginal area. While she testified that Cherry had touched his penis to her private area, as Cherry notes, that evidence addressed Count 8 of the indictment, which specifically charged him with such an act. But the State also put into evidence a videotape of an interview conducted when S. W. was nine years old. S. W. told the interviewer that Cherry had touched "all my private stuff." In addition to describing instances involving Cherry's penis, S. W. said that one day when she was in her room, Cherry told her, "Let me see." When the interviewer asked what Cherry wanted to see, S. W. pointed between her legs. S. W. said she just ignored him. But on another occasion, when she was in Cherry's workshop, she said that Cherry had put his hand under her shirt and touched her, indicating with her hand the area between her legs and also her chest.

We find that this evidence was sufficient to allow the jury to find beyond a reasonable doubt that Cherry had committed the act charged in Count 5. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Holden v. State*, 202 Ga. App. 558, 559 (1) (414 SE2d 910) (1992).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2007.

*John H. Bradley*, for appellant.

*Fredric D. Bright, District Attorney, Dawn M. Baskin, Assistant District Attorney*, for appellee.