## A08A1539. DEW v. THE STATE.

(665 SE2d 715)

BLACKBURN, Presiding Judge.

Following a jury trial, Nathaniel R. Dew was convicted on two counts of rape,[1] two counts of incest,[2] two counts of aggravated child molestation,[3] and four counts of child molestation.[4] He appeals his conviction and the denial of his motion for new trial, challenging the sufficiency of the evidence as to two of the counts of child molestation and further arguing that the trial court erred in failing to give limiting instructions regarding the use of the term "rape" and in failing to merge his conviction on one of the counts of incest into his conviction on one of the counts of rape. For the reasons set forth below, we affirm.

1. We first address Dew's challenge to the sufficiency of the evidence as to two of the child molestation counts. "On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Dew] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Berry v. State*.[5] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[6]

So viewed, the record shows that S. D. is Dew's daughter. On the morning of February 4, 2006, S. D., who was 14 years old at the time, was sitting on a sofa in her living room watching television when Dew pulled her onto his lap, pushed aside her underwear, and attempted to have sexual intercourse with her. S. D. struggled against him, and Dew eventually stopped. Later that same day, S. D. had fallen asleep in her parents' upstairs bedroom but awoke when she heard Dew coming up the stairs. Initially Dew went into the bathroom, but after a few minutes, he came back into the bedroom wearing only a shirt. He then grabbed S. D. by the legs and forcibly removed her pants and underwear. Although S. D. struggled against him, Dew held her down and forced her to engage in intercourse.

Two days later while at school, S. D. confided to a friend that her father had raped her that weekend and had been continually sexually molesting her over the last four years. At her friend's

---

[1] OCGA § 16-6-1 (a) (1).

[2] OCGA § 16-6-22 (a) (1).

[3] OCGA § 16-6-4 (c).

[4] OCGA § 16-6-4 (a).

[5] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

urging, S. D. called her mother (Dew's wife) at work and told her the same thing. Shortly thereafter, S. D.'s mother picked her up from school and took her to the hospital where she was seen by a sexual assault nurse examiner, who found that S. D.'s genitalia bore minor tears consistent with sexual intercourse. Following the physical examination, S. D. and her mother went to the police department and informed the police that Dew had been molesting S. D. and forcing her to have sexual intercourse. At that time, S. D. also revealed to the police that Dew had impregnated her when she was 13 years old and had taken her to get an abortion to end the pregnancy.

Dew was indicted on 12 separate counts for various offenses. Counts 1 (rape), 3 (incest), 5 (aggravated child molestation), 7, 9, and 11 (all three child molestation) were specifically related to the two incidents that occurred on February 4, 2006. Counts 2 (rape), 4 (incest), 6 (aggravated child molestation), 8, 10, and 12 (all three child molestation) related to incidents of sexual abuse that occurred on unknown dates from May 27, 2002 to February 3, 2006. Following a trial, a jury found him guilty on all counts except Counts 7 and 9. Subsequently, he filed a motion for new trial, which was denied. This appeal followed.

(a) Dew contends that the evidence was insufficient to support his conviction on the child molestation charge as alleged in Count 10 of the indictment. Count 10 alleged that Dew, some time between May 27, 2002 and February 3, 2006, "did then and there unlawfully perform an immoral and indecent act upon [S. D.], a child under the age of sixteen (16) years, by placing his hands on her buttocks with intent to arouse and satisfy the sexual desires of said accused." Specifically, Dew argues that there was no evidence that he touched S. D. on her buttocks as alleged in the indictment. We disagree.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). While being questioned regarding abuse that occurred prior to February 4, 2006, S. D. testified that Dew touched her "everywhere" on her body. Dew contends that this evidence did not support his conviction on the charge in Count 10. Citing *Marchman v. State*,[7] he argues that because S. D. did not specifically testify that he touched her buttocks, there was a fatal variance between the allegation in the indictment and the proof offered at trial. "But there is no requirement that the State present testimony that precisely

---

[7] *Marchman v. State*, 129 Ga. App. 22, 24 (198 SE2d 425) (1973).

tracks the language found in the indictment." *Cherry v. State*.[8] In fact, our Supreme Court has disapproved of the restrictive application of the fatal variance rule under *Marchman*. See *Dobbs v. State*.[9]

> The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

(Punctuation omitted.) *Harris v. State*.[10] These requirements were met here. Accordingly, S. D.'s testimony that Dew touched her everywhere on her body was sufficient to allow the jury to find beyond a reasonable doubt that Dew had committed the act as charged in Count 10. See *Cherry*, supra, 283 Ga. App. at 704 (2) (b).

(b) Dew similarly contends that the evidence was insufficient to support his conviction on the child molestation charge as alleged in Count 11 of the indictment. That count alleged that on February 4, 2006, Dew "did then and there unlawfully perform an immoral and indecent act upon [S. D.], a child under the age of sixteen (16) years, by placing his hands on her vagina with intent to arouse and satisfy the sexual desires of said accused." Again, Dew argues that there was no evidence that he touched S. D. as alleged in the indictment. We disagree.

Here, S. D. testified that while sitting on a sofa watching television, Dew pulled her toward him, put his hand on her underwear, and pushed aside the part of her underwear between her legs so that he could have intercourse with her. Dew asserts that this testimony does not prove the allegation in Count 11, arguing that the evidence showed that he touched S. D.'s underwear but not her genitalia. However, as previously noted, "there is no requirement that the State present testimony that precisely tracks the language found in the indictment." *Cherry*, supra, 283 Ga. App. at 703 (2) (a). Furthermore, "[a] conviction for child molestation does not require a showing that the victim was touched beneath [her] clothing." *Walsh v. State*.[11] See *Watson v. State*.[12] Thus, we find that the evidence was sufficient to allow the jury to find beyond a reasonable doubt that Dew had committed the act charged in Count 11.

---

[8] *Cherry v. State*, 283 Ga. App. 700, 703 (2) (a) (642 SE2d 369) (2007).

[9] *Dobbs v. State*, 235 Ga. 800, 802-803 (3) (221 SE2d 576) (1976).

[10] *Harris v. State*, 233 Ga. App. 696, 698 (2) (505 SE2d 239) (1998).

[11] *Walsh v. State*, 236 Ga. App. 558, 563 (4) (512 SE2d 408) (1999).

[12] *Watson v. State*, 222 Ga. App. 814, 816 (3) (476 SE2d 96) (1996).

2. Dew contends that the trial court erred in failing to give the jury limiting instructions regarding the use of the term "rape" by several of the State's witnesses. This contention is without merit.

Dew filed a motion in limine, requesting that the State be prohibited from using the term "rape," which the trial court denied. At trial, S. D., her mother, one of S. D.'s friends, and a police officer used the term "rape" in describing Dew's sexual abuse of S. D. However, the trial court charged the jury that Dew was to be presumed innocent and that the State bore the burden of proving all the elements of the offense beyond a reasonable doubt to convict Dew of rape. Given these charges, the jury was properly instructed that the question of whether or not Dew raped S. D. was for their determination, and the trial court did not abuse its discretion in allowing the term to be used. See *Marks v. State*;[13] *Machuca v. State*;[14] *McIntosh v. State*.[15] Furthermore, since the crime of rape was a central focus of the trial, it would have been unreasonable to require all witnesses to avoid using the term. See *Mullinax v. State*.[16]

3. Dew further contends that the trial court erred in failing to merge his conviction on the incest charge in Count 3 into his conviction on the rape charge in Count 1, arguing that because both counts were based on the same act of sexual intercourse, the convictions should have been merged for sentencing. We disagree.

OCGA § 16-1-7 (a) provides:

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

Here, Dew's conduct, as alleged in Counts 1 and 3, established the commission of more than one crime. Thus, the question is whether the incest offense, as alleged in Count 3, was included in the rape offense, as alleged in Count 1. Under OCGA § 16-1-6 (1), a crime is included in the other where "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]."

---

[13] *Marks v. State*, 237 Ga. 277 (2) (227 SE2d 334) (1976).
[14] *Machuca v. State*, 279 Ga. App. 231, 235 (2) (630 SE2d 828) (2006).
[15] *McIntosh v. State*, 247 Ga. App. 640, 644 (4) (545 SE2d 61) (2001).
[16] *Mullinax v. State*, 172 Ga. App. 601, 602 (2) (323 SE2d 897) (1984).

"To determine whether one crime is included in another as a matter of fact, we apply the 'required evidence' test adopted recently by our Supreme Court." *Mercer v. State.*[17] In employing this test,

> [t]he important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.

(Punctuation omitted.) Id. at 610 (3).

To establish the crime of rape, the State proved that Dew had carnal knowledge of S. D., forcibly and against her will. OCGA § 16-6-1. Dew argues that because the State established that only one act of intercourse occurred on the date alleged in Counts 1 and 3, the incest conviction was established by proof of less than all of the facts used to establish proof of rape. However, to show that Dew committed incest, it was not sufficient for the State to prove only that Dew had intercourse with S. D. The State also had to prove that S. D. was of a certain relation to Dew. OCGA § 16-6-22. Here, the undisputed evidence established that S. D. was Dew's daughter. Thus, incest was not "established by proof of the same or less than all the facts required to establish proof of rape." *Drinkard v. Walker.*[18] Accordingly, the trial court did not err in failing to merge Dew's conviction on the incest charge in Count 3 into his conviction on the rape charge in Count 1. See id. at 217.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 9, 2008.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney*, for appellee.

---

[17] *Mercer v. State*, 289 Ga. App. 606, 609 (3) (658 SE2d 173) (2008).
[18] *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006).