## A08A2177. PEOPLES v. THE STATE.
(673 SE2d 82)

DOYLE, Judge.

A Newton County jury found Anthony Eugene Peoples guilty of theft by receiving and theft by taking as a lesser included offense of armed robbery, and the trial court sentenced him for both offenses under the First Offender Act.[1] Peoples contends that the trial court erred in failing to merge the theft by receiving offense into the theft by taking offense. For the reasons set forth below, we disagree and affirm.

Viewed in a light most favorable to the jury's verdict, the evidence shows that between March 24 and March 26, 2007, 56 handguns were stolen from a Newton County sporting goods store known as Piedmont Outdoors. On March 26, 2007, Chancey Hope was in possession of one of these guns. According to Hope, he purchased the weapon from an acquaintance, and he did not believe that the weapon had been stolen.

Also on March 26, 2007, Hope arranged to meet with Peoples outside a house in Newton County for the purpose of selling the gun to Peoples. Peoples drove to the meeting with two other men and exited the vehicle to inspect the gun. Peoples then asked Hope to get in the back seat and show the firearm to the front seat passenger, who would be the actual purchaser. According to Hope, he entered the automobile and handed the weapon to the passenger, who then pulled out a different gun, pointed it at Hope's face, and told Hope to "get out [of] the car before you get shot in your face." Hope exited

---

[1] OCGA § 42-8-60 et seq.

the vehicle, and Peoples drove away, but Hope followed in his own vehicle and called the police.

After receiving a 911 dispatch, a Rockdale County sheriff's officer spotted Peoples's vehicle traveling westbound on I-20 and initiated a traffic stop. The officer found three firearms under the front passenger's seat, including the handgun taken from Hope.

At issue on appeal is whether the trial court should have merged the offense of theft by receiving into theft by taking for purposes of sentencing. As a rule, theft by receiving is not a lesser included offense of theft by taking.[2] Peoples contends that in his case, however, theft by receiving is included in theft by taking as a matter of fact because the evidence required to establish theft by taking "use[d] up" all the evidence that would have otherwise been used to establish the theft by receiving charge. We disagree.

In *Drinkard v. Walker*,[3] our Supreme Court adopted the "required evidence" test for determining whether one crime is included in another.[4] "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[5] In other words, "a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."[6]

Here, Peoples was indicted for theft by receiving stolen property, alleged to be a handgun which was the property of Piedmont Outdoors, which he knew or should have known was stolen, and which property was not received and retained with the intent to restore it to the owner.

> A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring

---

[2] See *Mullins v. State*, 267 Ga. App. 393, 398-399 (4) (599 SE2d 340) (2004); *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980).

[3] 281 Ga. 211 (636 SE2d 530) (2006).

[4] See id. at 217.

[5] (Punctuation omitted.) Id. at 215.

[6] (Punctuation omitted.) Id.

possession or control or lending on the security of the property.[7]

Peoples was also indicted for armed robbery in taking, with intent to commit theft, a handgun from the person and immediate presence of Hope, by the use of an offensive weapon.[8] He was found guilty of theft by taking as a lesser included offense of this charge.[9] "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[10]

A comparison of the facts required to prove the two offenses shows that neither is included in the other for purposes of the required evidence test. Evidence showing that the handgun was the property of Piedmont Outdoors and that Peoples knew or should have known that the handgun was stolen, while required to show theft by receiving for purposes of the indictment, was not required to show Peoples committed theft by taking from Hope. Conversely, that Peoples took the handgun from Hope with intent to deprive him of the property was required to establish the theft by taking charge but not the theft by receiving charge. Accordingly, neither crime was included in the other.[11]

Notwithstanding the foregoing, we recognize that the verdicts may not be logically consistent. Where a defendant stands convicted of both theft by receiving and theft by taking the same property, we have found the convictions to be mutually exclusive and ordered a new trial because the error could not be corrected in the sentencing phase.[12] While specifically recognizing this authority, however, Peoples has taken the position for purposes of this appeal that

---

[7] OCGA § 16-8-7 (a).

[8] See OCGA § 16-8-41 (a).

[9] See OCGA § 16-8-2.

[10] Id.

[11] See *Dew v. State*, 292 Ga. App. 631, 635 (3) (665 SE2d 715) (2008) (important question is not whether crimes have overlapping elements, " 'but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged' "); *Sanford v. State*, 169 Ga. App. 769, 769-770 (315 SE2d 281) (1984) (defendant lawfully convicted of three crimes arising out of a single act of hunting) (physical precedent only).

[12] See *Ingram v. State*, 268 Ga. App. 149, 151-152 (5) (601 SE2d 736) (2004). See also *Thomas v. State*, 261 Ga. 854, 855-856 (1) (413 SE2d 196) (1992) (armed robbery and theft by receiving are mutually exclusive and new trial required); *Sosbee*, supra, 155 Ga. App. at 197 ("Evidence shows either that a defendant stole goods or that he received stolen goods with scienter of the theft. He does not, under any circumstances we can think of, commit both crimes at once.") (citation and punctuation omitted).

although theft by taking and theft by receiving are ordinarily mutually exclusive crimes, "the facts of this case are distinguishable because the victim of the Theft by Taking (Chancey Hope) is not the victim of the Theft by Receiving (Piedmont Outdoors)."[13] Whether or not Peoples is correct in this assessment, since he does not contend on appeal that the crimes at issue here are mutually exclusive, we do not reach the issue. Rather, we conclude that the trial court did not err on the ground asserted and affirm.

*Judgment affirmed. Andrews, P. J. and Bernes, J., concur.*

DECIDED JANUARY 27, 2009.

*Teresa L. Smith*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.

