**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 25, 2014**

# In the Court of Appeals of Georgia

A13A2093. NELSON v. THE STATE.

MCMILLIAN, Judge.

Ricky Nelson appeals following his conviction for theft by receiving stolen property,[1] arguing in his sole enumeration of error that the trial court erred by charging the jury on theft by receiving as a lesser included offense of theft by taking. As more fully set forth below, we now affirm.

The pertinent facts show that on May 21, 2008, Jeanna Manders's van was stolen within minutes of her arrival at 101 Speering Street in Wrens, Georgia, where she was visiting. She reported the theft to police, and police issued a BOLO (Be on

---

[1] Nelson was also charged with driving with a suspended license and driving under the influence. The jury found him not guilty of driving under the influence and the trial court granted his motion for new trial and vacated his sentence on the driving with suspended license charge based on a finding, to which the State conceded, that the evidence as to that charge was insufficient.

the Lookout) for the van. Police spotted Nelson driving the van the next day, stopped the van, and arrested Nelson.

Nelson was ultimately charged with several offenses, including theft by taking, and his case proceeded to trial before a jury. During the charge conference, the trial court asked Nelson's counsel if he wanted to request a charge on any lesser included offenses. Defense counsel responded "I'm trying to think of what lesser . . ." and the trial court suggested the "one that comes to mind is theft by receiving stolen property." Defense counsel then stated "I didn't request that because the theft by receiving stolen property and theft by – to me they're about synonymous, but I will at this time request theft by receiving stolen property," and the State consented to the request. Defense counsel noted that he was "sort of stuck," seeming to indicate that he did not have a specific charge to propose and suggested the trial court could "on its own look for that lesser" based on the evidence presented at trial. The trial judge declined, indicating that he did not usually give a charge on a lesser included offense unless it was requested, at which time the court and defense counsel then crafted the charge based on defense counsel's already filed written requests and the charges the judge had in his "system." The trial court instructed the jury in accordance with the

agreed upon charge, and neither the State nor defense counsel posed any objection to the charge as given.

Nelson now argues that theft by receiving is not a lesser included offense of theft by taking,[2] and that, therefore, the trial court committed plain and obvious error by giving the requested charge because he was not separately charged with that offense, and it was not otherwise included within the allegations of the charging accusation.[3] *Marriott v. State*, 320 Ga. App. 58, 62 (1) (739 SE2d 68) (2013) (theft by receiving and theft by taking may be charged in the alternative); *Adams v. State*, 164 Ga. App. 295, 296-297 (2) (297 SE2d 77) (1982) (separate counts setting forth theft by receiving and robbery are permitted).

Nelson recognizes that his failure to object at trial requires us to review the trial court's instructions to the jury only for plain error. *Shaw v. State*, 292 Ga. 871 (742

---

[2] We have decided numerous cases that stand for the proposition that theft by receiving is not a lesser included offense of theft by taking, and, as some of these cases explain, these offenses are mutually exclusive. E.g., *Marriott v. State*, 320 Ga. App. 58, 63 (2) (739 SE2d 68) (2013); *Peoples v. State*, 295 Ga. App. 731, 732-733 (673 SE2d 82) (2009) (employing the required evidence test set forth in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006)); *Phillips v. State*, 269 Ga. App. 619, 631 (10) (604 SE2d 520) (2004); *Brown v. State*, 199 Ga. App. 18, 21-22 (4) (a) (404 SE2d 154) (1991); *Adams v. State*, 164 Ga. App. at 296-297 (2); *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980).

[3] Nelson was charged as the principal thief.

3

SE2d 707) (2013). But, even when plain error appears, which we do not decide here, reversal is not required if the defendant invited the alleged error. *Shank v. State*, 290 Ga. 844, 845 (2) (725 SE2d 246) (2012). As the Supreme Court explained in *Cheddersingh v. State*, 290 Ga. 680, 682-684 (724 SE2d 366) (2012), affirmative waiver, which involves the intentional relinquishment or abandonment of a known right, as opposed to mere forfeiture by failing to object, prevents a finding of plain error.[4] Here, Nelson requested that the trial court instruct the jury on theft by receiving as a lesser included offense of theft by taking and participated with the court in crafting the charge that was given. "A party cannot invite error by requesting a certain jury instruction, and then complain on appeal that the instruction, when given, is incorrect." (Citation and punctuation omitted.) *Bellamy v. State*, 312 Ga. App. 899, 901 (1) (720 SE2d 323) (2011). Accordingly, the trial court did not err by denying Nelson's motion for new trial on this basis.

---

[4] We note that in *Shaw*, our Supreme Court questioned the viability of its prior holding that the defendant in *Mitchell v. State,* 283 Ga. 341, 343-344 (2) (659 SE2d 356) (2008) had invited error because *Mitchell* was decided prior to the enactment and adoption of the plain error rule. But the court in *Shaw* did not overrule *Mitchell* or like cases. Moreover, both *Shaw* and *Mitchell* are distinguishable, because in those cases defendants argued that the charge given at their request was incomplete, not that the trial court should not have given their requested charge. *Shaw,* 292 Ga. at 873, n. 3.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*