A96A1532. WATSON v. THE STATE.
(476 SE2d 96)

BLACKBURN, Judge.

Nolan W. Watson appeals his conviction for molesting a seven-year-old girl, contending that the evidence was insufficient to support the verdict and that the trial court erred in failing to charge the jury on sexual battery as a lesser included offense and in excepting a State's witness from the rule of sequestration.

On appeal, the evidence is viewed in the light most favorable to the verdict. Under such view, the evidence shows the following. Watson was dating the victim's mother. One day the two adults, who had been drinking, began tickling the victim. The victim testified that, at one point after her mother had left the room, Watson began to rub

her vagina through her clothing. The mother testified, recounting the child's statement that, in the mother's absence, Watson tickled her thighs and rubbed her genital area.[1] The mother testified that after the incident Watson began to buy the victim unusually lavish gifts including a ring, diamond earrings, and pearl earrings, yet Watson gave no gifts to her other daughter who was two years older than the victim. Also admitted into evidence was a videotaped interview of the victim made by law enforcement authorities wherein the child recounted the incident with Watson. Watson's indictment was narrowly tailored to charge him with child molestation.

1. Watson asserts that the trial court erred in failing to give a charge on sexual battery as a lesser included offense of child molestation. This issue, however, has been previously decided against Watson and is controlled by *Teasley v. State*, 207 Ga. App. 719 (429 SE2d 127) (1993). In *Teasley*, supra, the defendant was indicted on a claim narrowly drawn to include the elements of child molestation, and was convicted based, in part, on the seven-year-old victim's testimony that he had touched her sexual organs. On appeal, the defendant's argument that sexual battery could be considered a lesser included offense of child molestation was rejected. Consequently, this enumeration is without merit.

2. Watson argues that the trial court erred in excepting a State's witness from the rule of sequestration in violation of OCGA § 24-9-61. When Watson invoked the rule of sequestration, the prosecutor asked that a police officer be excepted, as her assistance was required in the process of questioning, and this exception was granted by the trial court. Watson asserts that this was error because the prosecutor failed to establish an appropriate foundation for making this request.

We are bound by our Supreme Court's rulings that the trial court has discretion to grant exceptions, where required, to the rule of sequestration. See *Chastain v. State*, 255 Ga. 723, 724-725 (342 SE2d 678) (1986) (no exception necessary for the prosecutor who signed the indictment bringing the charges as they are allowed to remain in courtroom and testify after other witnesses). In this case, the witness did not sign the indictment, but she was the investigating officer. Watson has shown no abuse of discretion by the trial court in making the exception, and, therefore, this enumeration is without merit. See *Norman v. State*, 255 Ga. 313, 316 (338 SE2d 249) (1986) (trial court did not err granting exception to rule of sequestration so that investigating officer could aid State in presentation of its case).

3. In his final enumeration, Watson argues that the trial court

---

[1] An aunt also testified that the child reported the incident to her.

erred in denying his motion for a directed verdict, asserting that the record is devoid of any evidence as to his lascivious intent, a necessary element to support a conviction for child molestation. "[W]hether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous." (Punctuation omitted.) *Parham v. State*, 218 Ga. App. 42, 43 (460 SE2d 78) (1995). The evidence was sufficient for a rational trier of fact to have found Watson guilty beyond a reasonable doubt of the crime of child molestation, and the trial court did not err in failing to direct a verdict on this issue.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 18, 1996.

*Louis M. Turchiarelli*, for appellant.

*Garry T. Moss, District Attorney, Rachelle L. Strausner, Assistant District Attorney*, for appellee.