## A10A1224. KAY v. THE STATE.

(703 SE2d 108)

BARNES, Presiding Judge.

Richard Kay appeals his conviction of child molestation. He contends the evidence presented was not sufficient to sustain his conviction, the trial court erred by granting the State's motion in limine, and the trial court erred by denying his motion for new trial because his defense counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Finding no error, we affirm his conviction.

1. When reviewing the sufficiency of evidence, "the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given. Id. at 807 (1). It is the jury's function to assess witness credibility, to resolve any conflicting evidence, and to determine the facts, not an appellate court. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). If competent evidence exists, though contradicted, to support the facts necessary to prove the State's case, we will not reverse the jury's verdict. *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

Viewed in the light most favorable to the verdict, the evidence shows that the eight-year-old victim told Department of Family and Children Services ("DFCS") caseworkers that Kay had touched her "between the legs." The interview, which was recorded and played for the jury, shows the victim saying that Kay touched her where he was not supposed to and that he touched her with his hand between her legs on top of her clothes more than once. At the trial, the victim was sometimes hesitant to testify, but did ultimately testify that Kay touched her between her legs with his hand.

Kay contends the evidence is insufficient because the victim initially recanted her allegations of molestation and then, upon being asked leading questions, testified that Kay touched her between her legs. The victim's video and her testimony in court, however, were sufficient to permit a rational trier of fact to find Kay guilty beyond a reasonable doubt.

2. Kay further contends the trial court erred by granting the State's motion in limine to exclude evidence regarding the victim's placement with DFCS. The motion sought an order by the trial court prohibiting the defense from "making any reference, either by way of opening statements, closing arguments, cross-examinations, direct examinations or other arguments including innuendo or sugges-

tion in the presence of the jury concerning [the victim's mother's] past conduct and current location of the children. . . ." In its motion, the State contended that it expected the defense to cross-examine the mother about her "alleged use of controlled substances" and her agreement with DFCS about the placement of her children. The State argued that absent evidence of the mother having been convicted of using drugs, such cross-examination would be improper impeachment and that the placement of the children was not relevant to any issue in the case. Kay does not make any claims on appeal concerning the impeachment issue.

On the first day of the trial, after the defense counsel disavowed any intention to use improper impeachment upon cross-examination, the trial court ruled that it would

> be very alert tomorrow during [the defense's] opening and the conduct of the trial and stay on the edge of my chair so that I can nip it in the bud and I'm sure [the prosecutor] will be quick to object on anything that does come out. I'll issue a ruling and, certainly, you should not inject anything that's not relevant to this case and I think you know what they are. If it's there just to make anybody just look bad, not a felony conviction, just some bad stuff you want to get in — if it's a prior inconsistent statement about the statements she made here or she makes, then obviously, that will come in. If she says, "I've never had my children taken away, I'm a good mama, I've never had them put with DFACS" and that fact is true, if she opens that door, then perhaps, that becomes ripe for evidence. But otherwise, I don't see how that stuff is relevant. I'll put a ruling on the record tomorrow morning. I've got about four or five hours of material to go through tonight all because it kind of got in to me late in the day.

The next day the trial court ordered the parties not to present evidence or question witnesses about the placement of the children or the use of controlled substances, unless proper evidence was proffered prior to the inquiry.

> A motion in limine is a pretrial motion which may be used two ways: (1) The movant seeks, not a *final* ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined *during the course of the trial* outside the presence of the jury. (2) The movant seeks a ruling on the admissibility of

evidence prior to the trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it *controls* the subsequent course of action, unless modified at trial to prevent manifest injustice.

(Citation and punctuation omitted.) *Harper v. Patterson*, 270 Ga. App. 437, 441 (3) (606 SE2d 887) (2004). Kay relies upon *Hibbs v. State*, 299 Ga. App. 723, 724-725 (2) (683 SE2d 329) (2009), for the proposition that the trial court violated his right of cross-examination. In *Hibbs* we held that

[t]he confrontation clause of the Sixth Amendment grants criminal defendants the right to impeach the prosecution's witnesses by cross-examining them with regard to whether they are currently on probation for a juvenile offense or have an open or pending case in juvenile court, or whether they are currently committed to the custody of the Department of Juvenile Justice. The right of a defendant to cross-examine a state witness to show that the witness slanted his testimony in favor of the state in order to obtain more favorable treatment overcomes the state's interest in maintaining the confidentiality of juvenile court proceedings. This right to cross-examination is "(s)ubject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation."

Kay argues that the trial court's ruling restricted his defense counsel from cross-examining the victim and the victim's mother about the victim's desire to fabricate the allegation and testify favorably for DFCS and the State so she could remain with her mother instead of in the custody of DFCS. *Hibbs* thus has no application here.

The children's placement with DFCS was not relevant to any issue in the case, and nothing about the placement could show that either the victim or her mother had any reason to slant their testimony in favor of the State. Further, the trial court did not exclude any evidence completely. If Kay had relevant evidence to present or subjects about which to cross-examine any witness, he was only required to proffer the evidence before presenting it or asking questions about it. As Kay has not shown that he attempted to do so and that the matter was excluded from evidence, he has

nothing to complain about. Moreover, as the victim's mother did not testify in the case, the trial court's ruling could not have restricted her cross-examination, and would not have prevented Kay from cross-examining the victim about any motive she had to fabricate her testimony. Nevertheless, he elected not to cross-examine her.

3. Kay contends a fatal variance exists between the indictment and the proof at trial. The indictment alleged that Kay "touched the vagina of [M. L.,] a child under 16 years of age, with intent to satisfy" his sexual desires. The evidence at trial was that Kay touched M. L. between her legs on top of her clothing.

> The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

(Citation omitted.) *De Palma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969). Our courts do not "employ an overly technical application of the fatal variance rule, focusing instead on materiality." (Punctuation omitted.) *Delacruz v. State*, 280 Ga. 392, 396 (3) (627 SE2d 579) (2006). Here the variance complained of did not subject the defendant to either of these dangers. *Seabolt v. State*, 234 Ga. 356 (216 SE2d 110) (1975); *De Palma v. State*, supra.

Although the evidence differed somewhat from the allegation in the indictment, we find no material difference. A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. OCGA § 16-6-4 (a) (1). Further, our law does not require that "the State present testimony that precisely tracks the language found in the indictment." *Cherry v. State*, 283 Ga. App. 700, 703 (2) (a) (642 SE2d 369) (2007). Nor does our law require a showing that the victim was touched beneath her clothing. See *Watson v. State*, 222 Ga. App. 814 (476 SE2d 96) (1996); *Bragg v. State*, 217 Ga. App. 342, 343 (2) (457 SE2d 262) (1995). Moreover, the issue of whether the touching was sexual in nature is for the jury to decide. See *Watson v. State*, 222 Ga. App. at 816 (3).

4. Kay alleges the trial court erred by limiting his cross-examination of a DFCS employee about whether the department at some point thought the evidence was not sufficient to warrant referring the case to the district attorney and whether the victim's mother laughed when she was told of the victim's allegations. The

right to a thorough and sifting cross-examination of witnesses is without question in this State. OCGA § 24-9-64. The scope of cross-examination, however, is not unlimited, but rests largely within the discretion of the trial court, and the exercise of this discretion will not be disturbed on appeal unless it is abused. *Moore v. State*, 251 Ga. 499, 501 (2) (a) (307 SE2d 476) (1983). Even if DFCS had initially concluded that a referral was not warranted or that the mother had laughed, such evidence could have no relevance to any issue in the case. Accordingly, the trial court did not abuse its discretion by curtailing Kay's cross-examination on these subjects.

5. Finally, Kay contends his defense counsel was ineffective within the meaning of *Strickland v. Washington*, supra, because he did not request a charge (a) on the lesser included offense of sexual battery, (b) on the defense of accident, and (c) on mistake of fact, and failed to object to leading questions posed to the eight-year-old victim by the prosecutor. Under our law,

> [t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Further, when considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

(a) Kay contends his defense counsel was ineffective because he did not call the victim's grandmother as a defense witness to testify that she did not believe that molestation occurred and that she never left Kay alone with the victim, and also failed to call her as a character witness. The decisions on which witnesses to call and all other strategies and tactical decisions are the exclusive province of

the lawyer after consultation with his client. *Austin v. Carter*, 248 Ga. 775, 779 (2) (c) (285 SE2d 542) (1982). Whether an attorney's trial tactics are reasonable is a question of law, not fact. *Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993).

Kay's defense counsel testified at the motion for new trial hearing that he did not call the grandmother because he could not control her and thus she would not have been a good witness. He testified that he did not call her as a character witness because he was concerned about opening the door to evidence of bad character. The defense counsel's conclusion is supported by events at trial in which the court admonished the grandmother for attempting to influence witnesses and jurors and ordered her to stay away from the witnesses. Accordingly, we do not find the defense counsel's performance deficient in this regard.

(b) Kay further contends his counsel was ineffective because he did not request charges on sexual battery and the defense of accident or on mistake of fact. Decisions on requests to charge, however, involve trial tactics to which we must afford substantial latitude, and "[t]hey provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Citations and punctuation omitted.) *Henderson v. State*, 252 Ga. App. 295, 299 (2) (b) (556 SE2d 204) (2001). Counsel testified that he did not seek a charge on sexual battery because Kay denied touching the victim; the theory of the defense was there was no touching at all. As all of the charges Kay now contends should have been requested would require that Kay admit that he touched the victim as alleged, the charges would have been inconsistent with the defense's theory of the case and are inconsistent with Kay's adamant denial that he touched the victim as she contended. Under this evidence, charges on these subjects were not authorized, and thus defense counsel was not ineffective for not requesting them.

(c) Kay also contends his counsel was ineffective because he did not object to the prosecutor asking the victim leading questions. The failure to object to seemingly objectionable testimony may be trial strategy, by "avoiding an objection that would draw the jury's attention to the statement. 'Substantial latitude' is given during judicial review of trial counsel's decisions regarding trial strategy." (Citations omitted.) *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999). Here, counsel testified that he did not object because he believed an objection could have made the jury pay more attention to the testimony and he did not believe "the jury would decide credibility of the victim" if he had objected.

While another lawyer might have exercised different judgment with respect to these matters, the facts that Kay's defense counsel chose to try the case as he did, and made certain decisions with which

Kay's present attorney disagree, do not demand a finding that trial counsel's representation of Kay was so inadequate as to amount to a denial of the effective assistance of counsel. *Estes v. Perkins*, 225 Ga. 268, 269-270 (1) (167 SE2d 588) (1969).

Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 29, 2010.

*John G. Edwards*, for appellant.

*Thomas C. Earnest, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.

