## A11A0006. RANKIN v. THE STATE.
(711 SE2d 377)

PHIPPS, Presiding Judge.

After a jury trial, Keith Rankin was convicted of the armed robbery of a store owner. He argues that the evidence was insufficient to authorize his conviction and that he received ineffective assistance of counsel. Finding no merit in Rankin's claims, we affirm.

1. When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

So viewed, the evidence showed the following. The robbery occurred around 10:50 p.m. on October 11, 2006, which was a warm night. The store owner was working alone in the store when a masked man carrying a small silver gun entered and demanded money. At trial, the store owner described the man as "not tall" and wearing a black glove and an item of "army clothes" (either a shirt or pants), but she could not recall anything else about his appearance. The store owner gave the man all the money in the cash register. She did not know the total amount of money taken, but it consisted of some $20 bills, $10 bills, and $5 bills, and "more than fifty" $1 bills. The robber then fled by foot on a particular road.

About an hour later, police officers observed Rankin walking on the same road on which the robber had fled, approximately two miles from the store. At that time of night there was not much foot traffic on the road. Rankin was wearing long, camouflage-patterned shorts. One of the officers stopped Rankin because his clothing resembled that reportedly worn by the robber. Rankin had in his pockets a silver .32-caliber pistol, forty-six .32-caliber rounds, two black ski gloves, and $519 in cash, comprised of eleven $20 bills, thirteen $10 bills, thirty-two $5 bills, and nine $1 bills.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

At trial, the store owner testified that the camouflage shorts Rankin was wearing at the time of his arrest, which were admitted into evidence at trial, were similar to what the robber had worn. She also testified that the gun found in Rankin's possession, which also was admitted into evidence, was about the same size and color as the robber's gun, after having initially stated at trial that the gun found in Rankin's possession was "too long" to be the gun used in the robbery.

Rankin argues that the circumstantial evidence that he was the robber was insufficient to support his conviction. Where the evidence is entirely circumstantial,

> such evidence must be so strong as to exclude every other reasonable hypothesis save that of the guilt of the accused. But it need not exclude every *conceivable* inference or hypothesis — only those that are reasonable. Whether every reasonable hypothesis except that of the guilt of the defendant has been excluded is a question for the jury. Where the jury determines the evidence excluded every reasonable hypothesis save that of guilt, such a finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.[2]

The jury in this case was properly charged on the use of circumstantial evidence, and we do not discern a basis for disturbing its finding. Rankin was found wearing or possessing clothes similar to those worn by the robber (including ski gloves, despite the warm weather), carrying a gun similar to that used by the robber, and possessing cash in denominations similar to that taken by the robber. When he was stopped, he was walking along the same road taken by the robber when he left the scene of the robbery, a distance from that scene consistent with the amount of time that had passed, and at a time of night when there was little foot traffic. To the extent, as Rankin contends, that there were inconsistencies in the evidence regarding the store owner's identification of Rankin's gun or the number of $1 bills taken from the store relative to the number Rankin was carrying, it was the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses.[3] The jury was authorized to conclude, based on the evidence, that Rankin was

---

[2] *Merritt v. State*, 285 Ga. 778, 779 (1) (683 SE2d 855) (2009) (citations omitted); see OCGA § 24-4-6.

[3] *Sims v. State*, 278 Ga. 587, 589 (1) (604 SE2d 799) (2004).

guilty of the armed robbery of the store owner.[4]

2. Rankin claims that he received ineffective assistance of trial counsel. To prevail on this claim, Rankin must establish, pursuant to *Strickland v. Washington*,[5] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense.[6] In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, we uphold the court's factual findings unless they are clearly erroneous and review the court's legal conclusions de novo.[7]

(a) Rankin asserts that his counsel committed professional error by failing to call as witnesses Rankin's sister, his sister's boyfriend, and his mother. At the hearing on his motion for new trial, Rankin presented evidence about what these persons would have testified to had they been called. His sister testified that Rankin was with her at her house at the time of the robbery. She also testified that she had given Rankin the cash that was found in his pocket and that Rankin had been working two jobs (evidence from which Rankin argues the jury could have inferred that he lacked a motive to rob the store). The boyfriend of Rankin's sister testified that he saw Rankin walking near his sister's residence at the time of the robbery. He also testified that he and Rankin's sister had given Rankin some cash. Rankin's mother testified to his good character and also testified that he worked two jobs and had just been paid.

Trial counsel testified that he did not call Rankin's sister as a witness because she refused to testify after learning that she would have to submit to cross-examination, which caused him to question her credibility and to fear that, if he forced her to testify through subpoena, her testimony "could have blown up in [his] face." Trial counsel testified that he did not call the boyfriend as a witness because he was unable to locate him, despite repeated attempts. And trial counsel testified that he did not call Rankin's mother as a

---

[4] See OCGA § 16-8-41 (a) (providing, inter alia, that a person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or immediate presence of another by use of an offensive weapon); *Adams v. State*, 245 Ga. App. 607, 609 (1) (538 SE2d 508) (2000) (although no eyewitness positively identified defendant as person who shot at victim, circumstantial evidence was sufficient to authorize jury to find defendant guilty, where defendant was discovered shortly after the shooting near the scene of the crime, at a time of night when few people would be out, his clothing matched that worn by the shooter, he possessed a firearm similar to that used by the shooter, and he attempted to run from the police); see also *McCombs v. State*, 306 Ga. App. 64, 66 (2) (701 SE2d 496) (2010) (the mere possibility that an individual other than the defendant committed the crime is not such a "reasonable hypothesis" that must be excluded for circumstantial evidence to authorize a guilty verdict).

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003).

[7] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

witness because he felt that if she were the sole defense witness, testifying to her son's general character, it would suggest to the jury that the defense's case was paltry. He testified that he chose instead to "point out the weaknesses in the State's case," specifically the lack of an eyewitness identification.

"The determination of which witnesses to call is a strategic and tactical decision."[8] "Decisions based on counsel's reasonable trial strategy do not constitute deficient performance, and this Court does not evaluate trial counsel's tactics and strategic decisions in hindsight."[9] The decision not to call witnesses, including alibi witnesses, has been held reasonable where trial counsel testified to being concerned about the witnesses' credibility or that the witnesses' testimony might be counterproductive to the defense.[10] Likewise, the decision not to call character witnesses has been held not to constitute professional error where trial counsel testified to strategic reasons for not calling such witnesses.[11] And the failure to call a witness has been held not to constitute professional error where trial counsel testified to repeatedly attempting to contact the witness, without success, and the appellant did not offer evidence to show that a competent attorney exercising reasonable diligence under the same circumstances would have been able to locate the witness.[12]

Although Rankin offered evidence that conflicted with trial counsel's testimony regarding why he did not call the witnesses, it was within the trial court's discretion to resolve that conflict.[13] The trial court was authorized to find, based on trial counsel's testimony, that Rankin failed to overcome the strong presumption that his lawyer's tactical decisions not to call the witnesses fell within the broad range of professional conduct and thus did not constitute

---

[8] *Reid v. State*, 286 Ga. 484, 486 (3) (a) (690 SE2d 177) (2010) (citation and punctuation omitted).

[9] *Upton v. Parks*, 284 Ga. 254, 257 (2) (664 SE2d 196) (2008) (citation and punctuation omitted).

[10] See id. (defendant failed to establish deficient performance based on trial counsel's failure to call alibi witnesses where counsel testified that he chose to focus the defense on the state's failure to make its case and further testified that he questioned the witnesses' credibility and was afraid that the defendant's case would be harmed if the witnesses "got on that stand and fell apart"; trial counsel's testimony demonstrated that the decision not to call the witnesses was fully considered and well reasoned under the circumstances); *Fortson v. State*, 280 Ga. 435, 437 (2) (b) (629 SE2d 798) (2006) (trial counsel's failure to call an alibi witness was a reasonable strategic decision and did not constitute deficient performance, where counsel testified that he did not call the witness because her testimony was not credible and counsel believed it would have been unethical and counterproductive to present it).

[11] See *Kay v. State*, 306 Ga. App. 666, 670 (5) (a) (703 SE2d 108) (2010).

[12] See *Varner v. State*, 285 Ga. 300, 302 (3) (b) (676 SE2d 189) (2009); *Woods v. State*, 275 Ga. 844, 847 (3) (a) (573 SE2d 394) (2002).

[13] *Reid*, supra.

professional error.[14]

(b) Rankin asserts for the first time on appeal that his counsel committed professional error by failing to present evidence of a statement that he made to the police. The trial court had suppressed this statement, on Rankin's motion, on the ground that his *Miranda* rights had been violated. Rankin did not specify, in his motion for new trial, any decisions by counsel relating to his statement as a basis for his ineffective assistance claim. At the hearing on that motion, the only references to Rankin's custodial statement occurred when Rankin's trial counsel was asked whether he recalled the contents of that statement and whether he would have wanted the jury to hear certain information contained therein, to which trial counsel responded that he did not recall the contents and further stated: "If you want to show me the entire statement, perhaps I could give you a complete answer about why I would seek to keep his statement out." A series of questions about trial counsel's case file followed this exchange; those questions did not address Rankin's statement to the police, and trial counsel was not asked any further questions about why he sought to suppress rather than introduce the statement. Moreover, no argument was made at the hearing that any decision of trial counsel related to the statement constituted ineffective assistance of counsel. Consequently, Rankin did not preserve for appellate review a claim of ineffective assistance of counsel based on trial counsel's decision not to introduce the custodial statement.[15]

(c) Finally, Rankin argues that his trial counsel provided ineffective assistance of counsel because trial counsel was uncooperative. We find no merit in this claim of error. Although Rankin asserts a "[l]ack of cooperation of . . . trial counsel to appear and testify at the motion for new trial hearing," the record shows that trial counsel *did* appear and testify at the motion for new trial hearing. And although Rankin asserts a "lack of cooperation of . . . trial counsel before and during trial," his only support for the assertion is trial counsel's failure to call his sister, his sister's boyfriend, and his mother as witnesses, and counsel's failure to introduce his custodial statement into evidence. Rankin has not shown that these actions of trial counsel — which, as discussed above, did not constitute professional error[16] — nevertheless constituted a lack of cooperation rising to the level of ineffective assistance of counsel.

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

---

[14] See id.

[15] See *Allen v. State*, 286 Ga. 392, 399 (5) (b) (687 SE2d 799) (2010) (appellant waived allegation of ineffective assistance based on purported deficient performance that was not raised either in motion for new trial or at hearing thereon).

[16] See Division 2 (a), supra.

822

DECIDED JUNE 7, 2011.

*Daniel L. Henderson*, for appellant.
*Patrick H. Head, District Attorney, Samuel K. Barger, John R. Edwards, Assistant District Attorneys*, for appellee.